526

## BATES MFG. CO. v. UNITED STATES.
### No. 3580.

District Court, D. Massachusetts.
June 18, 1937.

Charles B. Rugg, Ropes, Gray, Boyden & Perkins, and Edward A. Counihan, Jr., all of Boston, Mass., and E. H. Maxcy, of Augusta, Me., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to the U. S. Atty., both of Boston, Mass., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Arthur P. Curran, Sp. Assts. to the Atty. Gen.

SWEENEY, District Judge.

In this suit, which is for the recovery of federal excess profits and income taxes alleged to have been erroneously assessed and collected by the United States, the government first filed a general denial, and later filed a motion to dismiss, basing that motion upon the question of jurisdiction.

Claims for refund of the taxes paid were seasonably filed with the Commissioner of Internal Revenue, and were rejected on March 22, 1927. On March 21, 1929, the plaintiff filed, in the office of the clerk of this court, the petition now under consideration. A copy of it was not served on the United States attorney until March 25, 1929. Notice of the filing of the petition was mailed to the Attorney General on the same date. On March 28, 1929, the plaintiff filed with the court an affidavit of the service and mailing of notice as set forth above.

The government contends that the court is without jurisdiction in this case, because the plaintiff has failed to comply with the terms of the legislation by which the United States consented to be sued in cases of this type.

The motion to dismiss brings up the following questions: (1) Whether an action against the United States for the refund of taxes was "begun within two years after the disallowance" of the claim for refund, within the meaning of section 3226 of the Revised Statutes, as amended, 26 U.S.C.A. §§ 1672–1673, when a petition was filed prior to the expiration of the two-year period and a copy of the petition was served on the United States Attorney, and notice mailed to the Attorney General, three days after the statutory period had elapsed, and (2) whether possible objection to the maintenance of the suit, on the ground that the petition was not served until three days after the expiration of the period of limitations, was waived by the defendant by the filing of a general denial and the failure to raise the objection until more than eight years after the filing of the petition.

Section 3226 of the Revised Statutes provides that no suit or proceeding for the refund of taxes may be begun after two years from the date of the disallowance of the claim for refund. That statute is silent as to the mode of procedure to be adopted in beginning or commencing a suit or proceeding. 28 U.S.C.A. §§ 762, 763, however, provide that in such suits the plaintiff shall file a duly verified petition in the office of

the clerk of courts having jurisdiction of the case, and that the plaintiff shall cause a copy of his petition, thus filed, to be served upon the District Attorney of the United States in said district, and shall mail a copy of same to the Attorney General of the United States, and shall thereupon cause to be filed an affidavit of such service. Section 763 provides further that the District Attorney, upon whom such service is made, shall appear and defend the interests of the United States, and file proper pleadings within sixty days of such service of the petition upon him.

▪ Procedure set forth in consent legislation must be strictly followed in order to secure jurisdiction. Walton v. United States (C.C.A.) 73 F.(2d) 15, 17.

▪ While I can find no case directly in point, I believe that I am bound by the reasoning and utterances of the court in this and other circuits where it has been "uniformly held that the suit cannot be regarded as commenced until all the requirements of the statute have been met or at least until a copy of the petition has been served on the United States Attorney." Spencer v. United States (D.C.) 14 F.Supp. 46, 47. See, also, Miller v. United States (D.C.) 11 F. Supp. 924, 925; Walton v. United States (C.C.A.) 73 F.(2d) 15, 18.

▪ The facts in this case show a closer compliance with the requirements and conditions of the statute than in the cases cited herein, and I feel that the case is so close to the line that the jurisdictional question should be finally decided before a trial on the merits.

I therefore find and rule that this court has no jurisdiction to entertain this suit because of the plaintiff's failure to comply with 28 U.S.C.A. §§ 762, 763.

▪ After the government had filed its general denial, which was in May of 1929, this case remained inactive until January 22, 1931, when counsel for the plaintiff withdrew their appearance. In February of 1931, new counsel appeared, and again on June 25, 1931, further counsel appeared for the plaintiff. The case again remained inactive until April 13, 1937, when present counsel entered their appearance for the plaintiff. On May 4, 1937, the government's motion to dismiss was filed. Apparently no action was taken by either side during the eight years to bring this case to trial. The lapse of time has in no wise harmed the defendant, even if it could be held that any government official had the right to waive the jurisdictional question. I am of the opinion that Pacific Mills v. Nichols (C.C. A.) 72 F.(2d) 103, controls the effect of the government's having filed its general denial, and later raising the question of jurisdiction. Since the jurisdictional question rests wholly upon the terms and conditions which the government has set forth as a condition upon which suit may be brought, such terms and conditions cannot be enlarged by any government official or employee either by affirmative or negative acts. See, also, Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128.

The government's motion to dismiss is therefore allowed.