## BATES MANUFACTURING CO. *v.* UNITED STATES.

No. 647. Argued March 11, 1938.—Decided March 28, 1938.

*Mr. Charles B. Rugg,* with whom *Messrs. H. Brian Holland* and *Warren F. Farr* were on the brief, for petitioner.

*Mr. Norman D. Keller,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *F. E. Youngman* were on the brief, for the United States.

By leave of Court, *Messrs. Theodore B. Benson* and *John Jennings, Jr.* filed a brief on behalf of Pinnacle Mills, as *amicus curiae,* in support of petitioner.

MR. JUSTICE BLACK delivered the opinion of the Court.

The Revenue Act of 1926 [1] provides that "No suit . . . shall be maintained *in any court* for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, . . . unless such suit . . . is begun within two years after the disallowance of . . . such claim . . ."

The Tucker Act of March 3, 1887 [2] as amended, gives concurrent jurisdiction to the District Courts and the Court of Claims in suits against the United States including those for recovery of erroneous or illegally collected taxes.[3]  Section 5 of the Tucker Act requires a plaintiff bringing suit against the government in the District Court to "file a petition, duly verified with the clerk of the respective court having jurisdiction of the . case."  Section 6 requires "that the plaintiff . . . cause

---

[1] c. 27, 44 Stat. 9, § 1113.

[2] c. 359, 24 Stat. 505, 506.

[3] U. S. C. Title 28, § 41 (20), (Judicial Code § 24 (20) as amended).

a copy of his petition . . . to be served upon the district attorney . . ., and . . . mail a copy . . . to the Attorney General . . ., and cause to be filed with the clerk of the court . . . affidavit of such service and . . . mailing . . ."

March 22, 1927, the petitioner's claim for tax refund was disallowed. March 21, 1929, *within two years after the disallowance,* a duly verified petition was filed in the District Court claiming the refund. March 25, 1929, two years and four days after the disallowance, the petition was served on the United States Attorney and mailed to the Attorney General.

The District Court held suit was not "begun" by filing the verified petition and dismissed the cause of action.[4] The Court of Appeals affirmed.[5]

It is conceded that suit in the Court of Claims is "begun" when the petition is filed. Yet, it is insisted that suit is not "begun" in the District Court when the petition is filed although the Court of Claims and the District Courts are given concurrent jurisdiction by the Tucker Act. Consideration of the history and language of the statute leads us to a different conclusion.

Section 10 of the Act of March 3, 1863,[6] provides "That every claim against the United States, cognizable by the Court of Claims, shall be forever barred *unless the petition setting forth a statement of the claim be filed . . . within six years after the claim first accrues . . .*"

When the Tucker Act in 1887 greatly expanded the jurisdiction of the Court of Claims and gave District Courts concurrent jurisdiction in *all* cases involving cer-

[4] 19 F. Supp. 526.
[5] 93 F. (2d) 721.
[6] 12 Stat. 765, 767.

tain amounts, its limitation in *both the Court of Claims and the District Courts* provided:

". . . no suit against the Government of the United States, shall be allowed under this act unless the same *shall have been brought within six years after the right accrued . . ."*

The substantial rights of claimants are to be governed alike whether suit is brought in the Court of Claims or the District Court. The author of the Tucker Act in declaring the statute of limitations applicable alike "to any or all" of the cases arising under the Act drew no distinction between suits brought in the District Court and in the Court of Claims.[7]

The purpose of giving the District Courts concurrent jurisdiction with the Court of Claims was to provide additional opportunity for the consideration and determination of claims that had "long pressed upon the consideration of Congress"[8] and to permit suit to "be brought in the District where the parties reside."[9] After discussing the benefits of previous legislation creating and extending the jurisdiction of the Court of Claims, the Committee on the Judiciary reported to the House:

"The history of this legislation and its results have been given to show how much of benefit has been done in the satisfactory decisions of claims against the Government and in relief of the Congress. But it has long been felt that the benefits could be made much greater by extending the jurisdiction of the Court. . . . It is needless to say more than has already been intimated as to the general policy of this legislation. The large mass of

[7] Congressional Record and Appendix, 49th Cong., 2nd Sess., March 3, p. 2679.

[8] House Report No. 1077, 49th Cong., 1st Sess., by Mr. Tucker on the Tucker Bill.

[9] Congressional Record and Appendix, 49th Cong., 2nd Sess., March 3, p. 2679.

business now before Congress growing out of private claims consumes its time year after year in committee work, rendered useless by the lack of time to consider and pass upon them. Just claims are painfully deferred without interest, and the credit of the Government, so strictly upheld upon its bonded debt, is justly censured in respect to its honest private claims." [10]

In response to the needs disclosed by this report Congress passed the Tucker Act, manifestly intending to provide adequate opportunity for expeditious and orderly determination of claims against the Government. This Act not only expanded the jurisdiction of the Court of Claims, but, for the first time, gave District Courts general authority to hear and determine claims against the Government. Relief of existing claim congestion and prevention of future congestion obviously demanded an integrated jurisdictional plan by which the Court of Claims and District Courts could afford equal opportunities for expeditious and fair trials of like claims within the jurisdictional amount of the District Courts. The erection of barriers to recovery in the District Courts which did not exist in the Court of Claims would have tended to defeat the prime objectives of the Act. Uniformity and equality in substantial rights and privileges— for claimants in both forums—were essential features in the system. Distinctions between the opportunities for recovery afforded in the two forums would have tended to mar the symmetry of the plan and to impair its effective and successful operation. As to substantial rights, Congress evidently meant to give claimants an identical status in both Courts where the amount in controversy was included in the jurisdiction of both. We find no support in the background or objective of the Act for a

---

[10] House Rep. No. 1077, *supra,* pp. 3–4.

construction under which a claimant's rights would be preserved by filing a petition in the Court of Claims, but would be lost—without additional action—in the District Court.

As said by this Court in *United States* v. *Greathouse,* 166 U. S. 601, 606:

" . . . it was not contemplated that the limitation upon suits against the Government in the District . . . Courts of the United States should be different from that applicable to like suits in the Court of Claims."

As used in this statute the word "begun" should be given its ordinary and accustomed meaning. To begin is to start; to institute; to initiate; to commence. This suit was begun—within two years after the refund claim was disallowed—when the petition was filed in court in good faith. Notice was mailed the Attorney General and the District Attorney was promptly served—both within four days after the verified petition was filed. Under these circumstances, we do not consider what would be the effect of lack of diligence in obtaining service.[11] The judgment in the court below was not in harmony with the views here expressed and is

*Reversed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.

[11] Compare, *Linn & Lane Timber Co.* v. *United States,* 236 U. S. 574, 578.