## JEWELL v. UNITED STATES.

### No. 271.

District Court, W. D. Kentucky, at Bowling Green.

Feb. 21, 1939.

Harper & Goad, of Scottsville, Ky., for plaintiff.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky.

SWINFORD, District Judge.

The plaintiff is seeking recovery on a War Risk Insurance Policy. The case is now before the Court on the plaintiff's motion to reinstate action No. 227 and consolidate it with action No. 271, on the Bowling Green docket.

Max Jewell, a world war veteran, died intestate on September 23, 1930. His mother, Bettie Jewell, was his only heir at law surviving. The claim was filed with the Insurance Claim Counsel on June 29, 1931. It was finally denied on October 27, 1934. On November 8, 1934, action No. 227 was filed by Bettie Jewell in her own right claiming the benefits under the policy as the sole heir at law of Max Jewell, deceased. This action was dismissed, on the defendant's motion, on May 21, 1935, on the sole ground that it was barred by the statute of limitation.

On August 3, 1931, claim was again made for total, permanent disability and on account of the death of Max Jewell. On August 10, 1936, her claim was denied by the Board of Veterans' Appeals.

On September 24, 1936, action No. 271 was filed. This Action also is brought by Bettie Jewell in her individual right claiming the proceeds of the policy as the sole heir of Max Jewell.

On December 30, 1936, she filed an amended petition setting up for the first time that she is beneficiary under the policy and seeks to recover as such beneficiary. She is now seeking a revival of the old action (No. 227) and a consolidation of it with the present action (No. 271). Through this somewhat circuitous route the plaintiff claims to have alleged all necessary jurisdictional facts and brought herself within the period of limitation. I will endeavor to work out this rather complex situation.

The first thing we must determine is whether or not Bettie Jewell, as heir, ever had any right to sue the United States.

Suits against the United States can be maintained only by permission of the

United States and then only in the manner and under the restrictions presented by the enabling statute. Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313.

This applies with full force to War Risk Insurance cases and those who deal with the War Risk Insurance Bureau are assumed to know the statutes and regulations which govern it. Wilber National Bank v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798.

The statute allowing this action against the United States is 38 U.S.C.A. §§ 445, 445d, 451 and 514.

It will be seen from a reading of these sections of the statutes that capacity to sue is a jurisdictional fact by which this court is bound and which cannot be extended.

The case involved here is different from an ordinary law suit between private litigants. Capacity to sue is a necessary allegation fixed by the sovereign where giving its consent to be sued.

Under rule 9(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required *to show the jurisdiction of the court.*"

If we look at the case from this angle we will see that no suit was brought by a party with legal capacity to sue until December 30, 1936, the date the amended petition was filed. In conjunction with this question we must consider the fact that the original petition ·in action No. 271 was not brought until after it was barred by limitation. No action could be brought after July 3, 1931, unless there was a claim pending for administrative payment at that time. 38 U.S.C.A. § 445, as amended.

The petition alleges here that no claim was filed for administrative payment by the Board until August 3, 1931, two months after the final period of limitation, to-wit, July 2, 1931.

It is evident that the plaintiff by the action instituted on September 24, 1936, was endeavoring to bring his case within the provisions of 38 U.S.C.A. § 445, as amended by the Act of July 3, 1930. This court would have no jurisdiction of that action because it was not brought by a party who had authority to sue the United States. 38 U.S.C.A. § 514. Neither was it seasonably begun as required by the Act. It could not have been "seasonably begun" when the original claim on which it is based was not filed for administrative payment until after the period of limitation had run. (Latest date to file suit July 3, 1931; claim not filed for administrative payment until August 3, 1931.)

In order for the plaintiff to bring herself within the proviso it is essential that the action must have been filed by the proper party within one year from the date the former action was dismissed according to Judge Dawson in Ballenger v. United States, D.C.W.D.Ky., 11 F.Supp. 911.

This time limit is a jurisdictional fact which cannot be waived. This is one of the terms which Congress prescribed for allowing a suit at all. Eidam v. United States, 8 Cir., 74 F.2d 350; Ginochio v. United States, 7 Cir., 74 F.2d 42.

Confronted with this situation plaintiff then seeks to revive the original action No. 227 by moving to reinstate that action and consolidating it with the present action. With this motion, which is made on December 30, 1936, the plaintiff files an amended petition setting up the fact that she is beneficiary under the policy and brought suit as heir through error.

For the first time she appears as a party with capacity to maintain an action in this court, but by this time her action itself is barred by limitation.

Her original action was filed within the period of limitation under the authority of Bates Manufacturing Company v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020. This action according to this authority, giving it the most favorable interpretation to plaintiff's contention, had been erroneously dismissed on May 21, 1935. By an Act of Congress of July 3, 1930, Title 38, Section 445, was amended by incorporating the following proviso: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within

a year though the period of limitations has elapsed." 38 U.S.C.A. § 445.

Whether this one year means from the date the Act became effective or from the date the action was dismissed, as is held in the case of Ballenger v. United States, supra, is not determined here as it is not important here. The plaintiff at the latest date had only until May 21, 1936, to either reinstate action No. 227 or to bring an original suit as beneficiary. She cannot possibly under the most lenient construction of all rules of law come within the jurisdiction of this court. Her motion should be overruled.

Proper orders should be drawn and submitted.