## MILTON v. UNITED STATES.
### No. 9111.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1939.

Philo Coco, of Marksville, La., for appellant.

Malcolm E. Lafargue, Asst. U. S. Atty., of Shreveport, La., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., for the United States.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit to recover for total and permanent disability, was on a war risk insurance policy, which lapsed on July 1, 1919, for nonpayment of the premium due June 1, 1919. Brought in December 1937, it was, upon defendant's exception, that appellant did not file his suit within the time prescribed by statute, dismissed, for want of jurisdiction. The gist of this exception was: that plaintiff had ninety days from the mailing on September 17, 1937, of the letter denying his claim, within which to commence suit; that he did not file his petition until December 17, 1937, ninety-one days thereafter, and did not obtain service on the United States attorney, until December 29, 1937; that therefore, the court was without jurisdiction to entertain the suit, both because, the suit was not in law filed until citation was issued and served, and this was more than twelve days late, and because, if the filing of the petition was the filing of the suit, this was filed not within the ninety days allowed, but one day thereafter.

The District Judge, disagreeing with defendant's view, that the suit was filed too late, if filing the petition was the filing of the suit, agreed with it, that the suit was not filed until issuance and service of process. So, agreeing, he sustained the exception and dismissed the action. Appellant is here insisting: (1) That the filing of his petition was the filing of the suit within the Act of 1936,[1] providing for such filing, and that, filed with the clerk on December 16, it was filed within the ninety days the Act gave; and (2) that if it be considered that it was not filed until December 17, the day the clerk put his file mark on it, it was still filed in time, for by the Act of 1936, he had the time remaining, when in June 1931, he filed his claim, in addition to the ninety days the Act gave. He dismisses the view of the District Judge, that the suit was not filed until service of process had been had, as contrary both to the language the Act uses, and to the uniform current of authority, that the filing of the petition under the Tucker Act, is the filing of a suit for purposes of limitation and of jurisdiction.

We agree with appellant, that the filing of the petition is the filing of the suit, that his petition was filed with the clerk within the ninety days the Act gave for filing suit, and that such filing without more, was sufficient for purposes of jurisdiction and limitation. We therefore, find it unnecessary to determine whether, as plaintiff claims, he had, in addition to the ninety days the Act gave him, the time remaining between the date of his filing claim and July 3, 1931, and what, under the evidence, that remaining amount of time was. Appellee's reliance, on Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, as holding, that, it is not the filing of the petition alone within the time limited for filing suit which gives jurisdiction, but the filing of the petition and issuance and service of process thereon, will not do. What was held there, was, that the filing of a petition was a necessity, and that, issuance of summons, and appearance by the District Attorney in a cause in which no petition was filed, did not toll the statute, nor confer jurisdiction. At the same term, the court, in Bates Manufacturing Company v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020, pre-

---

[1] "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have 90 days from the date of the mailing of notice of such denial within which to file suit." In 38 U.S.C.A. § 445d.

cisely and finally determined that the filing of a petition is the beginning of a suit under the Tucker Act, and that whatever effect lack of diligence in obtaining service, might have [2] on the suit, after it had been begun, the filing of the petition is, quoad limitation and jurisdiction, the beginning of the suit. c/f Port v. Litolff, 5 Cir., 103 F.2d 302. It remains only to consider whether, when plaintiff lodged his petition with the clerk on December 16, within the ninety days the Act gave, he filed it within the legal meaning of that term. We think it may not be doubted that he did.

The word "filed" the Act uses, is, as applied to court proceedings, a word of art, having a long established and well understood meaning, deriving from the practice of filing papers on a string or wire. It requires of one filing a suit, merely the depositing of the instrument with the custodian for the purpose of being filed. Except where some specific statute otherwise provides, and none such is present here, it charges him with no further duty, subjects him to no untoward consequences as a result of the failure of the custodian to do his duty, by placing the instrument on the file, or as in modern practice placing his file mark on the instrument.

Collected in vol. 3 Words and Phrases, First Series, pp. 2764–2770, inclusive; vol. 2 Words and Phrases, Second Series, pp. 531, 534, may be found cases from many jurisdictions, all to the same effect, that the filing of a paper is the delivery of it to the officer at his office, to be kept by him as a paper on file, and that the file mark of the officer is evidence of the filing, but it is not the essential element of the act. A paper may be filed without being marked or endorsed by the clerk, In re Conant's Estate, 43 Or. 530, 73 P. 1018; Holman v. Chevaillier, 14 Tex. 337; Eureka Stone Co. v. Knight, 82 Ark. 164, 100 S. W. 878; Darnell v. Flynn, 69 W.Va. 146, 71 S.E. 16. Perhaps the best statement of the meaning and consequences of filing is to be found in the Chevaillier case, supra.[3] Though it was not file marked until December 17, the record shows without dispute, that the petition properly prepared for filing was sent to, lodged with, and received, for filing, by the clerk on December 16, ninety days from the mailing of the denial letter. So filed, it was filed in time. The exception to the jurisdiction was erroneously sustained. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

---

[2] But see as to war risk suits, the provision in Sec. 445, 38 U.S.C.A. "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits," etc.

[3] "Though the ancient mode of filing papers has gone into disuse, the phraseology of the ancient practice is retained, in the common expressions 'to file,' 'to put on file,' 'to take off the files,' &c., from 'filum' the thread, string, or wire used in ancient practice, for connecting the papers together. The term 'file' is also used to denote the paper placed with the Clerk, and assigned by the law to his official keeping. A file is a record of the Court. (1 Litt., 112; Burr. L. D. tit. File.) It is the duty of the Clerk, when a paper is thus placed in his custody or 'filed' with him, to endorse upon it the date of its reception, and retain it in his office, subject to inspection by whomsoever it may concern; and that is what is meant by his 'filing' the paper. But where the law requires or authorizes a party to file it, it simply means that he shall place it in the official custody of the Clerk. That is all that is required of him; and if the officer omits the duty of endorsing upon it the date of the filing, that should not prejudice the rights of the party. And hence it is the common practice, where that has been omitted, for the officer, with the sanction of the Court, to make the endorsement now for then; the doing of the act now, that is, at the time when it is actually done, being allowed to operate as a substitute and equivalent for doing it then, or when it should have been done. And acts thus allowed to be done by the Clerk of the Court, with the sanction of the Court, have the same effect as if they had been done at the proper time. (1 Stra. 639; 2 Tidd's Pr. 932.) It was the filing of the affidavit and certificate by the party, under the statute, and not the endorsement of the date of their reception, or the filing by the Clerk, which was a condition precedent to the issuing of the execution in this case. The object of the motion to obtain the authority of the Court for the filing of the clerk now for then was that the Court might receive evidence of the time of the actual filing by the party, in order that the filing by the Clerk might relate back, and take effect from that period, as though it had been done then, when it should have been done. For that purpose, it was competent for the Court to receive evidence, upon the motion, of the time of the filing by the party."