**SIMMONS v. UNITED STATES.**

No. 2320.

District Court, W. D. Kentucky, at Louisville.

Sept. 29, 1939.

Claude Hudgins, of Louisville, Ky., for plaintiff.

James Garnett, Jr., Asst. Dist. Atty., of Louisville, Ky., for the United States.

MILLER, District Judge.

In this action the plaintiff is seeking to recover for the value of his real estate

which he alleges has been taken by the United States by reason of its construction of Dam No. 43 across the Ohio River below West Point, Kentucky, which raised the pool level of the river 14.5 feet above the ordinary high water mark as it previously existed. Federal jurisdiction is claimed by Section 41, subsection 20 of Title 28 U.S.C.A. known as the Tucker Act. The plaintiff has demanded a trial by jury, which is objected to by the defendant.

The statute referred to specifically provides as follows: "All suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury." The plaintiff contends, however, that inasmuch as the statute confers jurisdiction on the District Court concurrent with the Court of Claims, the provision above referred to should be construed applicable only to claims that may have been presented to the Court of Claims, and that the essential nature of the present proceeding is to recover compensation for land taken for public purposes, and as such is entitled to the protection of the Seventh Amendment to the Constitution, U.S.C.A., which provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *."

██ Section 41, subsection 20 of Title 28 U.S.C.A. specifically provides that the District Courts shall have original jurisdiction "concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or" etc. This act is originally the Act of March 3, 1887 which the Supreme Court of the United States considered in United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 671, 33 L.Ed. 90. In that case the Supreme Court stated that it could not agree with the contention therein made that any broader jurisdiction as to the subject matter involved was given by the Act to the District Court than that which was given to the Court of Claims. The opinion stated "it is clearly the same jurisdiction—'concurrent jurisdiction' only —within certain · limits as to amount; * * *". In Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 695, 82 L. Ed. 1020, the Supreme Court pointed out that the purpose of the passage of the Tucker Act was to provide additional opportunity for the consideration and determination of claims that had long pressed upon the consideration of Congress and to permit suit to be brought in the District where the parties reside, thus giving relief to the existing claim congestion and establishing an integrated jurisdictional plan which would prevent future congestion. The opinion stated that "the substantial rights of claimants are to be governed alike whether suit is brought in the Court of Claims or the District Court."

██ In McElrath v. United States, 102 U.S. 426, 440, 26 L.Ed. 189, the Court held that the section of the act which authorizes the Court of Claims, in cases where the government pleads a set-off or counterclaim, to render judgment against the claimant, without the intervention of a jury, did not violate either the letter or spirit of the Seventh Amendment. The rule is well stated in that opinion as follows: "The Government cannot be sued, except with its own consent. It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits. It may restrict the jurisdiction of the court to a consideration of only certain classes of claims against the United States. Congress, by the Act in question, informs the claimant that if he avails himself of the privilege of suing the Government in the special court organized for that purpose, he may be met with a set-off, counterclaim, or other demand of the Government, upon which judgment may go against him, without the intervention of a jury, if the court, upon the whole case, is of opinion that the Government is entitled to such judgment. If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the Government to the exercise of the privilege. Nothing more need be said on this subject." See also Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313; Kawananakoa v. Polyblank, 205 U.S. 349, 27 S.Ct. 526, 51 L.Ed. 834; Munro v. United States, 2 Cir., 89 F.2d 614; Bates Mfg. Co. v. United States, 1 Cir., 93 F.2d 721; United States v. Turner, 8 Cir., 47 F.2d 86.

██ The constitutional right to a trial by jury applies to those cases in which the right existed at common law, or was provided for by statute at the time the constitution was adopted. It is not applicable to causes arising in equity or to civil cases of admiralty or maritime jurisdiction, or to remedies subsequently provided for by

statute and which did not previously exist. Accordingly, I am of the opinion that the provision of the statute requiring actions such as the present one when brought in the District Court to be tried without a jury is a valid one and should be followed. This ruling appears to be in accord with the decision of the District Court for the Southern District of New York in Amtorg Trading Corporation v. United States, 23 F.Supp. 715, although the subject matter of the action in that case was different.

Plaintiff's motion for a trial by a jury is overruled with exceptions.