NORVIN H. GREEN, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF ERSKINE HEWITT, DECEASED, PROSECUTOR, v. PASSAIC COUNTY BOARD OF TAXATION AND THE MAYOR AND COUNCIL OF THE BOROUGH OF RINGWOOD, DEFENDANTS.

Argued October 6, 1943—Decided October 29, 1943.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Pitney, Hardin & Ward* (*Shelton Pitney*).

For the defendants, *John F. Lynch, Jr., N. Louis Paladeau, Jr.,* and *J. Willard De Yoe.*

The opinion of the court was delivered by

CASE, J. The writ brings up for review the denial by the Passaic County Board of Taxation of prosecutor's motion on special appearance to dismiss a complaint filed on November 30th, 1942, by the Borough of Ringwood. The complaint was addressed to the Passaic County Board of Taxation by the Mayor and Council of the Borough of Ringwood and filed on November 30th, 1942. It alleged that property owned by the estate of Erskine Hewitt, deceased, had been omitted

from the tax list filed by the taxing district and from the tax duplicate certified by the Passaic County Board of Taxation for the year 1941 and prayed that the property be added to the tax list filed as of October 1st, 1940, for the year 1941, and to the tax duplicate certified by the board for the year 1941 pursuant to the Revised Statutes of New Jersey, 54:3–20. The property alleged to have been omitted was listed as follows:

| | |
|---|---:|
| Cash | $559,235.53 |
| Stocks and bonds | 8,920,905.53 |
| Mortgages (including accrued dividends, notes and insurance) | 536,193.25 |
| Powers of appointment (consisting of money due under the last will and testament of Peter Cooper Hewitt) | 88,158.49 |
| Miscellaneous property (salaries due, interest, options, refunds, insurance premiums, chattels, furniture, automobiles, antiques, works of art, and share in the New York State Library, and share in the Metropolitan Museum of the City of New York Fellowship), | 549,002.14 |

$10,653,494.94

Notice of hearing was issued by the board on December 7th, 1942, returnable on December 21st. On December 16th the executor of the estate caused notice to be served upon the complainant that on December 21st counsel for the executor would appear specially to move for the dismissal of the complaint. That motion was made and denied.

The case for the prosecutor is argued under three points: (1) The complaint, except as to the item of cash, does not "specify" the property of the Hewitt estate allegedly omitted in the assessment, as required by *R. S.* 54:3–20; (2) the mere fact that the complaint includes an allegation of "cash" does not justify the County Board's refusal to dismiss the complaint as to the other items therein generally alleged; (3) no "proceeding" was brought within time.

*R. S.* 54:3–20, in which the complaint purports to ground, provides:

"\* \* \* On the written complaint of the collector, or any taxpayer of the taxing district or of the governing body thereof, that property specified has been omitted in the assessment, the county board, on five days' notice in writing to the owner by the party complaining, and after due examination and hearing, may enter the omitted property on the duplicate by judgment rendered within ten days after the hearing, a transcript whereof shall be furnished by the board to the collector, who shall amend his duplicate accordingly. The collector shall present such complaints and serve such notices as the governing body may direct and shall attend before the board and subpœna proper witnesses and pay their fees. He shall receive reimbursement therefor and two dollars for every day he shall attend for his services from the taxing district. Such proceedings may be brought within one year from the date when taxes on real property become a lien."

In our opinion prosecutor makes nothing under his third point. Taxes for 1941 on real property became a lien on December 1st, 1941. It is not denied that a proceeding brought on November 30th of the tax year is within the year permitted by the statute. But it is contended that the mere filing of the complaint without more is not the bringing of a proceeding; it is urged that the issuing of something in the nature of a process after the manner of a court action is necessary before there is a proceeding. The question of time limitation and of what must be done within that limitation is one purely of statute. Speaking in a general way it may be said that the courts are always open for the issuance of process and that the process issues as a matter of course. Not so with the county tax boards. Those boards are not constantly in session; they meet on occasion and, in meeting, select a subsequent day for the hearing of a complaint. Only upon formal action by the board fixing a time and place for hearing can the "notice in writing" of the hearing—the only form of "process" suggested to us—be served or even issued. There is no provision in the statute for the filing of anything in the nature of pleadings or for the framing of an issue. We

have to do with a summary proceeding before an informal statutory board. The statutory steps are (1) filing of complaint, (2) notice of hearing, (3) the hearing, (4) the board action thereon. There was no delay after the complaint was filed; *laches* thereafter is not charged. We conclude that the filing of the complaint was the bringing of a proceeding within the meaning of the statute. *Cf. Bates Manufacturing Co. v. United States,* 303 *U. S.* 567; 82 *L. Ed.* 1020.

The right to institute such a proceeding is given not only to the collector and the governing body of the taxing district but to any taxpayer thereof. These three classes of potential complainants are given equal standing. It is not to be assumed that the legislature intended to put it within the mere whim of every taxpayer within a district to harass another taxpayer by instituting an inquisition against him. The complaint is not verified; and because the statute makes no mention of a verification counsel assume, and we shall assume, that a verification is not necessary. The only protection given by the statute against unwarranted and vexatious intermeddling is that the complaint shall specify the property; therefore the more need for a specification. The taxpayer is entitled to know what precise or specific property is meant. *Duke Power Co. v. Essex County Board of Taxation,* 122 *N. J. L.* 589; *affirmed,* 124 *Id.* 41. Unless a complainant is "fishing," and therefore not within the purview of the statute, he has knowledge of an omitted item and should speak precisely and in detail concerning it; he should give full particulars so that the accused taxpayer may have exact knowledge of the objective and also, as we think, so that the tribunal in whose jurisdiction the proceeding is, and so that all those who are in one way or another brought into the proceeding, may have that knowledge. The assessor, who is the primary assessing officer, is given broad powers of inquisition over persons to be assessed and others, *R. S.* 54:4–12, 13, 34, and in the making of assessments is subject to supervision by the county board of taxation, *R. S.* 54:3–16, and the county board has an undefined power of investigation during the period when the tax lists and duplicates are in its custody for examination, revision and correction, *R. S.*

54:4–35, *et seq.*, a period that begins on or before January 10th and ends on April 1st of the tax year; but we know of no other inquisitional power lodged with an assessing officer or board. The instant proceeding was not instituted by the assessor or by the tax board or by anyone else in the line of tax officials.

When the complaint was filed the borough tax rate had long since been determined, and the borough's share of the state and county school taxes apportioned. It is said that the addition sought in the proceeding is nearly five times the amount of the entire borough ratables shown in the 1941 tax duplicate. It seems, therefore, that the borough stands to be the sole beneficiary without sharing with the county or the state in whatever tax increment may flow from this proceeding—a municipal windfall of large proportions, if the undertaking be wholly successful, which is without harm if the necessary legal incidents are present. *Duke Power Co. v. State Board of Tax Appeals,* 129 *N. J. L.* 449. The question is whether the legal requirements have been met. A potential taxpayer has the right to expect and to insist that he be not taxed except upon such subject-matter and in such manner as the sovereign power legalizes and that he be not subjected to unauthorized inquisition.

Plainly, therefore, inasmuch as the complaint is the initiation of an inquisition it is unlawful unless, in compliance with the statute, it specifies the property that is said to have been omitted. To specify is to make precise reference to the specific property said to have been omitted. General reference to classes of property is not enough. In *Newark* v. *Essex County Board of Taxation and Montana Power Co.,* 127 *N. J. L.* 527, it was held that none of the following descriptive phrases satisfied the statutory requirement that the omitted property be specifically stated: "Investment in associated companies," "other investments," "sinking funds," "special deposits," "working funds," "notes receivable," "accounts receivable," "subscriptions to capital stock," "interest and dividends receivable," "rents receivable," "material and supplies," "pre-payments," "other current and accrued assets," "deferred debts." In *Newark* v. *Essex County Board*

*of Taxation and Poltersville Water Co.,* 127 *Id.* 314, the item "Water—Fixed Capital $161,545.18" was determined not to be a sufficient specification. In *Duke Power Co.* v. *State Board of Tax Appeals,* 129 *Id.* 449, the items "Accounts, Notes and Interest Receivable," "Municipal Bonds," "Stocks, Bonds and Other Investments," "Deferred Charges" were likewise held insufficient. In *Duke Power Co.* v. *Essex County Board of Taxation,* 122 *Id.* 589, affirmed on the opinion below, 124 *Id.* 41, it was held that "personal property of the value of $15,000,000" specified nothing. On the other hand it was held in the *Duke Power Co.* v. *Somerset County Board of Taxation* case, reported in 124 *Id.* 481 (at *p.* 484), that the item "Cash" supplemented by the amount carried sufficient information. To like effect are the *Montana Power Co.* case, 127 *Id.* 527, *supra,* and the *Poltersville Water Co.* case, *supra,* reported at page 314 of the same volume. Other decisions bearing upon the subject are *Sun Oil Co.* v. *Essex County Board of Taxation,* 122 *Id.* 594; *affirmed,* 124 *Id.* 133, and *Mitsch* v. *Township of Riverside,* 86 *Id.* 603.

We find the item of "Cash $559,235.53" is adequate. What is meant by "Share in the New York State Library" and "Share in the Metropolitan Museum of the City of New York Fellowship" we do not know; but the references are sufficiently specific to stand against a motion to strike from the complaint. The reference to "Powers of Appointment" if left in just that language would not have sufficed; but we consider that the parenthetical description narrows the item to the point of specification; when a view is had of the will of Peter Cooper Hewitt, which of course is a matter of record accessible to the executor and all others, precision will be effected. The remaining items of the complaint do not carry the specification required by the statute.

The complaint is sound in some respects; not so in others. The motion below was to dismiss the complaint *in toto,* and one of the grounds given for the motion was that the complaint did not specify the allegedly omitted items of property as required by the statute. The defendant under the writ contends that since the complaint was good in part the county board was right in its ruling and should not be reversed in

any respect even though some of the items were insufficiently specified. But the practice appears to be otherwise. In *Newark* v. *Essex County Board*, 127 *N. J. L.* 314, *supra,* the complaint contained three items and the purported property owner moved to dismiss the complaint. The county board held that one of the items was insufficient and that two were not. The city sued out a writ of *certiorari* and on the review this court held that the board was right in its ruling as to one item but was wrong as to one of the two remaining items, and the conclusion of the court was to affirm in part and to reverse in part. The court considered the complaint item by item to the end that the board might have the benefit of judicial direction. The case was not on all fours with our own, but the procedure is, as we think, in keeping with common sense and sound justice and particularly appropriate where, as here, the body whose ruling is under review is a tribunal, composed of laymen with *quasi*-judicial functions, which is embarking upon a course that will touch closely upon legal rights and duties of large financial significance.

The judgment under review will be affirmed in part and reversed in part in accordance with this opinion.