**LEVINSON et al.**
v.
**UNITED STATES et al.**
No. 52 C 1203.

United States District Court
N. D. Illinois.

Oct. 7, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for plaintiff.

Irving Eisenberg, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

This is a suit brought against the United States and International Contractors Corporation as a prime contractor with the United States for the relocation of certain storage tanks at the Joliet arsenal.

The complaint alleges that the plaintiff was a subcontractor engaged to move the tanks and that through the lack of cooperation and failure to furnish the agreed facilities the work was interrupted, whereupon the defendant corporation discharged the plaintiffs.

The plaintiffs further allege that certain of the plaintiffs' equipment remained on the premises and that after the plaintiffs' discharge the United States and the defendant corporation jointly and severally used such equipment in the prosecution of the work and that the equipment is now wholly unfit for other work.

The complaint was amended by the filing of a supplemental complaint entitled United States For Use of Charles Levinson, et al. (the plaintiffs) vs. Aetna Casualty and Surety Company. It was alleged that the surety company had written the payment bond which the principal defendant furnished the Government in connection with the work.

This supplemental claim against the surety company was brought under the so-called Miller Act, 40 U.S.C.A. §§ 270a and 270b. Sec. 270a requires a contractor to furnish a payment bond and 270b provides that any person furnishing labor or material may sue on the bond subject to the stipulation that every suit "shall be brought in the name

of the United States for the use of the person suing * * *."

The complaint requests damages generally or in the alternative an accounting.

The defendant, United States of America, has filed a motion to be dismissed as a party defendant on the following grounds:

(a) In a suit against the United States brought under the consent given by the so-called Tucker Act, 28 U.S.C.A. § 1346(a)(2), no other party could be joined with the United States. Suit must be brought against the United States alone.

(b) Under the same Act a suit may only be brought on a contract expressed or implied in fact, and not one implied in law. It is contended that the present claim is one implied in law.

The Government's motion seeks its dismissal as a party defendant but does not question that portion of the amended complaint which seeks to state a "For Use" action under the Miller Act.

■ The sovereign can only be sued with its consent and the only applicable consent is the Tucker Act above referred to, 28 U.S.C.A. § 1346(a). The pertinent section of this Act reads as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon *any expressed or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.*"

■ The plaintiffs have joined the prime contractor with the Government as parties defendant. The Supreme Court has ruled that this is not permissible.

In United States v. Sherwood, 312 U. S. 584, 590, 591, 61 S.Ct. 767, 771, 85 L. Ed. 1058, Mr. Justice Stone said anent the Tucker Act in a suit brought against the United States and another:

"Construing the statutory language with that conservatism which is appropriate in the case of a waiver of sovereign immunity and in the light of the history of the Court of Claims' jurisdiction to which we have referred, we think that the Tucker Act did no more than authorize the District Court to sit as a court of claims and that the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims. See United States v. Jones, supra, 131 U.S. 1, 19, 9 S.Ct. 669, 33 L.Ed. 90; United States v. Pfitsch, 256 U.S. 547, 550, 41 S.Ct. 569, 570, 65 L.Ed. 1084; cf. Bates Mfg. Co. v. United States, 303 U.S. 567, 571, 58 S.Ct. 694, 696, 82 L.Ed. 1020. The matter is not one of procedure but of jurisdiction whose limits are marked by the Government's consent to be sued. That consent may be conditioned, as we think it has been here, on the restriction of the issues to be adjudicated in the suit, to those between the claimant and the Government. The jurisdiction thus limited is unaffected by the Federal Rules of Civil Procedure [28 U.S.C.A.], which prescribe the methods by which the jurisdiction of the federal courts is to be exercised, but do not enlarge the jurisdiction."

The motion of the defendant, United States of America, for dismissal of the complaint as to it will be sustained.