**Melvin R. FUGLE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1896.**

United States District Court
D. Montana,
Great Falls Division.

Dec. 10, 1957.

Cedor B. Aronow and Elmo J. Cure, Shelby, Mont., for plaintiff.

Krest Cyr, U. S. Atty., Butte, Mont., for District of Montana, for defendant.

JAMESON, District Judge.

This is an action against the United States under the Tort Claims Act, 28 U.S.C.A. § 1346(b), for personal injuries sustained by plaintiff on May 22, 1955. Complaint was filed November 25, 1956 and service of process was made upon the Assistant United States Attorney for Montana on December 3, 1956. No service was made upon the Attorney General of the United States, as required by Rule 4(d) (4), Federal Rules of Civil Procedure, 28 U.S.C.A. Motion to dismiss was filed by the defendant on January 23, 1957, upon the ground that the complaint failed to state a claim upon which relief can be granted. This motion was denied on February 15, 1957.

On March 5, 1957, the defendant filed an answer and cross-complaint. Answer to the cross-complaint was filed by plaintiff on March 28, 1957. A pre-trial conference was held on September 10, 1957, at which the defendant was represented by the United States District Attorney for Montana. On October 16, 1957, the case was set for trial on December 5, 1957. The defendant took plaintiff's deposition, which was filed on November 18, 1957.

On November 14, 1957, the defendant filed a motion to dismiss the complaint of plaintiff, on the ground that plaintiff has failed to prosecute the action diligently and has failed to comply with the Federal Rules of Civil Procedure in that he failed to make service upon the Attorney General, and for the further reason that the action has not been commenced within the two year period of limitation under the Tort Claims Act, 28 U.S.C.A. § 2401. In brief in support of the motion to dismiss, defendant's counsel states that he wishes "to emphasize that the motion is directed to the complaint of the plaintiff and does not extend to the cross-claim which is filed with our answer and duly served on the attorneys for the plaintiff."

An affidavit of the United States Attorney in support of the motion details the service upon his office as set forth above, and recites that by letter dated November 8, 1957, received November 10, 1957, he was advised by a member and employee of the Department of Justice that a review of the file in Washington

failed to reveal any evidence of service of a summons and complaint upon the Attorney General; that upon examination of the court file and inquiry of the marshal, he determined that the only service made was the service upon his office, and that at no time prior to November 10, 1957, did he have knowledge of the fact that the plaintiff had failed to serve the Attorney General.

Defendant relies upon the case of Messenger v. United States, D.C.E.D.N.Y. 1953, 14 F.R.D. 515, affirmed 1956, 2 Cir., 231 F.2d 328. In that case the injuries were sustained on May 11, 1948, and complaint filed December 22, 1948. Service was made upon the United States Attorney for the Eastern District of New York, but no service was made upon the Attorney General. On May 21, 1953, the defendant moved to dismiss on the ground that the court had no jurisdiction and the further ground that there was a lack of diligent prosecution, warranting dismissal under Rule 41(b). In that case the defendant never served any notice of appearance or pleading. Although certain proceedings preliminary to trial were taken by the plaintiff and another defendant, the Government "was not notified of nor did it participate in them". The court there held (1) that service upon the Attorney General is mandatory under Rule 4(d) (4) and that such service was never accomplished; and (2) that under the facts in that case a motion to dismiss under Rule 41(b) was properly granted for lack of reasonable diligence in prosecution, the opinion of the Court of Appeals calling attention to the fact that for some six years there had been "a complete lack of any prosecutory effort." The court held further that neither the District Court nor Court of Appeals had authority to make an order permitting service nunc pro tunc.

In a concurring opinion, Judge Hincks agreed that the two-fold requirement of service was a condition upon which the Government's consent to be sued depended, and that the service in that case was insufficient to give the court jurisdiction over the United States. He concurred

in the disposition of the case under Rule 41(b) but expressed the opinion that insofar as the required service was not made on the Attorney General, the plaintiff in a proper case should be given an opportunity to satisfy the prescribed condition. On this point he said:

"It does not follow, however, that without jurisdiction to make a binding adjudication against the United States on the merits, the court lacks incipient jurisdiction to rule upon the 'defenses' of 'insufficiency of process' or of 'insufficiency of service of process' under Rule 12(b) (4) and (5). And when such a defense has been sustained, the lack of personal jurisdiction over the United States does not in every case require a dismissal. The immediate effect of such a ruling, I think, is to leave the action pending in an incipient state, just as it was during the period intervening between the filing of the complaint and the attempted service made on the original summons. In such a situation, I think that in a proper case the court on motion has discretion to authorize the issue of a fresh summons through which by service in accordance with the Rules its jurisdiction over the defendant may be perfected. * * * "

The facts here are clearly distinguishable from those in Messenger v. United States. There, no appearance had been made by the defendant and there was a total lack of prosecution for more than six years. Here, the defendant not only made an appearance but also filed a cross-complaint, took plaintiff's deposition, and participated in a pre-trial conference. Both parties have proceeded with reasonable diligence to bring the case to trial. The order setting the case for trial was entered less than two and one-half years from the date the injuries were sustained and less than one year from the date the complaint was filed. Moreover, while seeking dismissal of plaintiff's complaint, defendant's counsel emphasizes that the motion does not extend to defendant's

cross-complaint, which was served, not upon plaintiff, but upon plaintiff's counsel in the very action in which defendant seeks dismissal of the complaint.

While it appears from the affidavit of the United States District Attorney that he did not know until November 10, 1957, that the Attorney General had not been served, an examination of the court files and inquiry of the marshal prior to appearance would have disclosed that such service had not been made; nor does it appear whether the office of the Attorney General, prior to November 8, 1957, had knowledge of the appearance by the District Attorney, the filing of answer and cross-complaint, and participation in the proceedings.

█ If the defendant were a private party its appearance and participation in the proceedings would constitute a waiver of any defect in service of process, and this rule has been applied with respect to an action against the Director General of Railroads. World Pub. Co. v. Davis, D.C.Okl.1926, 16 F.2d 130, affirmed Mellon v. World Pub. Co., 8 Cir., 1927, 20 F.2d 613, certiorari denied 275 U.S. 561, 48 S.Ct. 119, 72 L.Ed. 426. In an action against the United States, however, the District Attorney has no power to waive conditions or limitations imposed by statute. Munro v. United States, 2 Cir., 1937, 89 F.2d 614, affirmed 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633. Furthermore, jurisdictional questions may be raised at any time, even by the court, regardless of timeliness. Hackner v. Guaranty Trust Co. of New York, 2 Cir., 1941, 117 F.2d 95; Messenger v. U. S., supra. See Fed.Rules Civ.Proc. Rule 12(h). Service upon the Attorney General being mandatory and jurisdictional, the acts of the District Attorney would not constitute a waiver of service.

With respect to the tolling of the statute of limitations, it has been held that a suit was begun when the petition was filed in court in good faith. Bates Manufacturing Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020. In that case notice was mailed to the Attorney General and served on the District Attorney within four days after the filing, and the court did not accordingly consider what would be the effect of lack of diligence in obtaining service. In an earlier case the Supreme Court had held that the statute was interrupted by the filing of the bill, and the rights of the plaintiff, in that case the United States, were saved by a showing of reasonable diligence in getting service. Linn & Lane Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725.

The holding in the Bates Mfg. Co., Munro, and Linn & Lane Timber Co. cases, supra, implies that after the filing of the complaint, the action remains pending in an inchoate state until service is completed (and unless and until the action is dismissed for failure to prosecute). Messenger v. United States, supra, 231 F.2d at page 329.

█ In my opinion this is a proper case for the application of the rule of "excusable neglect". The action was begun well within the two year period of the statute of limitations. Service was made promptly upon the District Attorney. When the District Attorney entered the appearance of the defendant by motion to dismiss on January 23, 1957, four months remained of the two year period of limitation. Had no appearance been made or had the question of service been raised at that time, there would have been ample opportunity for plaintiff to complete the service upon the Attorney General within the two year period. Instead, defendant's motion to dismiss was denied, defendant filed its answer and cross-complaint, and plaintiff his answer to the cross-complaint, all well within the two year period. All subsequent proceedings were prosecuted with reasonable diligence. Under these circumstances plaintiff should have an opportunity to complete service by serving the Attorney General pursuant to the provisions of Rule 4(d) (4).

Defendant's motion to dismiss is denied, with the understanding that it may be renewed if plaintiff does not prompt-

ly, after receipt of copy of this order, complete service upon the Attorney General in the manner provided in Rule 4(d)(4) of the Federal Rules of Civil Procedure.