**Earl R. HUFFMASTER, Plaintiff,**

v.

**UNITED STATES of America, First Doe, Second Doe, Third Doe, White Company, Defendants.**

**Civ. No. 7671.**

United States District Court

N. D. California, N. D.

July 26, 1960.

Clarence H. Pease, Sacramento, Cal., for plaintiff.

Lynn J. Gillard, U. S. Atty., and William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for defendants.

HALBERT, District Judge.

This case arises as a result of the disastrous catastrophe that took place on the Feather River in December, 1955. Plaintiff's farm was allegedly inundated, with great damage, due to the asserted negligence of agents of the United States in planning, construction, etc., of certain flood control projects. The plaintiff's first cause of action is founded upon this alleged negligence. A second cause of action is predicated upon some theory of liability without fault, such as "ultrahazardous activity." A third cause of action is based upon the alleged negligence of United States agents in certain post-flood activities. The jurisdiction of this Court is predicated upon the Federal Tort Claims Act (Title 28 U.S.C. §§ 1346 and 2671–2680).

No cause of action is stated or attempted to be stated against the fictitious defendants, and no grounds are alleged or attempted to be alleged to sustain this Court's jurisdiction over them. Accordingly, the complaint must be dismissed as to the fictitious defendants (Benbow v. Wolf, 9 Cir., 217 F.2d 203).

The complaint was filed and summons issued on December 20, 1957. Service was made upon the United States Attorney on December 3, 1959, and upon the Attorney General of the United States on December 7, 1959. Based upon the delay in service, a motion has been filed by the United States to dismiss the action for want of due diligence in prosecution of the action on the part of plain-

tiff (Federal Rules of Civil Procedure, Rule 41(b), 28 U.S.C.).

The United States has also moved to dismiss the entire complaint on the ground that the Court has no jurisdiction of the subject matter, or the "person" of the defendant, and for failure to state a claim upon which relief can be granted. This motion is based upon the exemption of the United States from liability "for any damage from or by floods or flood waters at any place" (Title 33 U.S.C.A. § 702c), and upon the exemption of "discretionary functions" (Title 28 U.S.C. § 2680(a)).

■ Finally, the United States moves to dismiss the second cause of action on the ground that, in such a case as this, there can be no liability for "ultrahazardous activity," or in fact under any other doctrine of liability without fault. Plaintiff does not actively contest this motion. The law of California does not impose any form of liability without fault in this type of case (Sutliff v. Sweetwater Water Co., 182 Cal. 34, 186 P. 766; Luthringer v. Moore, 31 Cal.2d 489, 190 P.2d 1; and Guy F. Atkinson Co. v. Merritt, Chapman & Scott Corp., D.C., 123 F.Supp. 720). Moreover, the Federal Tort Claims Act does not waive Federal immunity to suits founded upon such a theory (Title 28 U.S.C. § 1346(b); and Dalehite v. United States, 346 U.S. 15, at pages 44–45, 73 S.Ct. 956, at page 972, 97 L.Ed. 1427). Plaintiff's second cause of action must, therefore, be dismissed.

■ Turning to the motion under Rule 41(b), it must be noted that the action was commenced by filing of the complaint (Federal Rules of Civil Procedure, Rule 3), within the two-year period of the statute of limitations. The filing of the complaint tolls the statute of limitations (Hoffman v. Halden, 9 Cir., 268 F.2d 280), unless a contrary State rule of substantive nature must be applied (See Decker v. Boyle, D.C., 162 F.Supp. 164). The delay in filing the complaint may have some slight bearing upon the question of "due diligence" in prosecution

of the suit (See Isaacs v. Jeffers, 10 Cir., 144 F.2d 26). However, the principal question now before the Court is whether the delay in service from Dec. 20, 1957 to Dec. 7, 1959 was justifiable or excusable.

Plaintiff states that the "service of complaint and summons was deferred to await the determinations of this Court in identical cases involving the first and second causes of action." The Court ruled on motions to dismiss twelve such cases on May 12, 1959. The delay in service thereafter was seven months.

■ Plaintiff also points out (wisely declining to lay much stress upon the point) that Rule 4 of the Federal Rules requires the Clerk to issue a summons upon the filing of the complaint and deliver it for service to the Marshal, or to a person specially appointed to serve it. The Clerk issued a summons in this case, and gave the requisite copies to plaintiff's attorney for delivery to the Marshal. From the record, it is patent that it was plaintiff's attorney who decided to defer service until after the decision in the other cases. Responsibility for the service of process is upon the plaintiff (See Messenger v. United States, 2 Cir., 231 F.2d 328), and he may not "pass the buck" to the Clerk in this instance.

Plaintiff states that a copy of the complaint was informally given to a representative of defendant within sixty days of the filing of the complaint; that none of these many related flood cases is nearly ready to go to trial; and that there has been no prejudice to defendant from the delay. Defendant does not contradict these assertions, but contends that there has been a jurisdictional failure, and that the complaint must be dismissed.

The Court concludes that there is no defect of jurisdiction involved. There is a question of whether plaintiff has prosecuted the case with due diligence, which question is to be resolved in the discretion of the Court. An analysis will be made of the cases cited by defendant in support of its theory on the

motion. Similar attention will be given to Isaacs v. Jeffers, supra. The law contained in those cases will then be applied to the facts in the instant case.

In Messenger v. United States, supra, no proper service was ever effected. Therefore, the trial court did not obtain jurisdiction over the defendant. Such is not the case, in this proceeding. In Messenger, the trial court granted a motion to dismiss for failure to prosecute after plaintiff there had failed to effect proper service, five years after the filing of the complaint. On appeal, Judge Medina said, in a cogent presentation of the law, that the crucial test under Rule 41(b) is whether there has been reasonable diligence in the prosecution of the action, but that lack of prejudice to defendant may be considered in cases of moderate or excusable neglect. The application of Rule 41(b) is discretionary with the Court, and there are no rigid time limits which establish lack of due diligence when they are exceeded.

In Rollins v. United States, Civ. No. 7279, records of this Court, service was not completed for two and one-half years after the filing of the complaint. Defendant's motion to dismiss for lack of prosecution on the basis of that fact alone was denied. At the trial, facts were adduced which showed considerable prejudice to the defendant to have resulted from the delay, and the Court dismissed the action, upon defendant's renewed motion. The Court held that the action was barred by plaintiff's laches. "Laches" involves two things: (1) delay, and (2) prejudice resulting from that delay.

In Boling v. United States, 9 Cir., 231 F.2d 926, plaintiff's complaint was once dismissed for failure to prosecute. After a delay of one year, plaintiff procured the reinstatement of the case. It was then shown that "immense difficulties" had arisen for defendant, caused by this one-year delay, and the trial judge dismissed the action under Rule 41(b). It was held on appeal that this second dismissal did not amount to an abuse of discretion under the circumstances. Obviously, no iron-clad jurisdictional rule was laid down.

Defendant cites Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020, and Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, for the proposition that proper service of process is jurisdictional. Neither case is here in point. In Munro the suit was not brought in time to toll the statute. (The complaint was not timely filed.) In Bates the suit was begun by filing the petition just before expiration of the applicable period of limitations. Thereafter, just *after* expiration of that period, prompt service was effected. The trial court dismissed the case, and the Supreme Court reversed, saying, "Under these circumstances, we do not consider what would be the effect of lack of diligence in obtaining service." 303 U.S. 572, 58 S.Ct. 696.

City of New York v. McAllister Brothers, Inc., D.C., 177 F.Supp. 679, involved the construction of the Suits in Admiralty Act (Title 46 U.S.C. §§ 741–752). It was held that that Act, in waiving Federal immunity, required service of a libel to be made "forthwith," and that to delay two months was not to effect service "forthwith." It may seem unfair that McAllister Brothers were undone by two months delay, while plaintiff in this case may, in the Court's discretion, not be deprived of his day in Court by a delay of nearly two years. It is Congress that has decided to waive the sovereign immunity of the United States in bits and pieces, with different rules applicable in different cases. If uniformity is to be introduced into waiver cases, it is Congress, and not this Court, that must introduce it.

In Isaacs v. Jeffers, supra, process was not served until after a delay of more than two years from the date the complaint was filed. The trial judge did not dismiss for failure to prosecute, and the Court of Appeals for the Tenth Circuit held that this question was within his discretion. The Court laid stress on the fact that service was there obtained only

sixty days after the statute of limitations would have run, had it not been tolled by filing of the complaint. Defendant points out that in this case, service was made nearly two years after such date. The case nevertheless stands for the proposition that a delay of two years in serving process is not necessarily fatal.

As plaintiff has stated, there are a great number of these flood suits pending in this Court. (There is, in fact, a deluge of them.) For various reasons, primarily because of the failure of the appropriate authorities to provide enough judges to handle the work load in this Division, these cases are not likely to be tried on the merits in the near future. As defendant has neither alleged nor shown that any prejudice has occurred, the Court concludes that this is a case of excusable neglect, and that the case should not be dismissed under the provisions of Rule 41(b). See Messenger v. United States, supra; and Rollins v. United States, supra.

Defendant has argued that there was a privilege to do the acts complained of in plaintiff's third cause of action. Assuming, *arguendo*, that there was a privilege to enter upon plaintiff's land after the emergency of the flood had arisen, it does not necessarily follow that there was a privilege to injure plaintiff's property negligently after the entry. There may be a question as to what duty was owed plaintiff, and what violation of that duty is the subject of plaintiff's complaint. The Court will cross that bridge when it is reached.

Defendant's motion to dismiss on the ground of exemption of the United States under Title 33 U.S.C.A. § 702c, and the motion to dismiss on the "discretionary function" exemption, each raise issues of fact (Guy F. Atkinson Co. v. Merritt, Chapman, & Scott Corp., D. C., 126 F.Supp. 406). Such being the case, defendant's motion to dismiss on these grounds may not be granted at this time (State of California v. United States, D.C., 151 F.Supp. 570).

As to defendant's claim of exemption under Title 33 U.S.C.A. § 702c, the factual issue is very simple. Succinctly stated, it is: Was this an "Act of God" kind of flood? The other issues of the case are very complicated, and (with the possible exception of the fact issues under the third cause of action) their resolution would be unnecessary, should defendant prevail on this one issue of fact. The Court has power to order a separate trial of issues, *sua sponte*, to further convenience, or to avoid prejudice (Federal Rules of Civil Procedure, Rule 42(b); and Institutional Drug Distributors, Inc. v. Yankwich, 9 Cir., 249 F.2d 566). The instant situation is one where the exercise of such authority is eminently required. The Court will therefore order that a separate trial be held to resolve the issues of fact arising from defendant's claim of exemption under Title 33 U.S.C.A. § 702c. Such trial will be held before the trial of any of the other issues of this case, and will be set on the motion of either party.

It is, therefore, ordered that defendant's motion to dismiss the complaint, as to the fictitious defendants, be, and it is, hereby granted;

It is further ordered that defendant's motion to dismiss plaintiff's second cause of action be, and it is, hereby granted;

It is further ordered that defendant's motions to dismiss the complaint in its entirety be, and they are, hereby denied;

And it is further ordered that the issues of defendant's exemption, or lack of exemption, from liability under the terms of Title 33 U.S.C.A. § 702c be, and they are, hereby ordered tried separately and in advance of trial of the other issues in the case.