**FORSTMANN WOOLEN CO. v. MURRAY SICES CORPORATION.**

Civ. No. 52–124.

United States District Court
S. D. New York.

June 26, 1950.

Gainsburg, Gottlieb, Levitan & Cole, New York City (I. Gainsburg and Joseph P. Segal, New York City, of counsel), for plaintiff.

Feeley and Lewis, New York City (J. Norman Lewis and James P. Durante, New York City, of counsel), for defendant.

MEDINA, District Judge.

Plaintiff moves to strike certain allegations in defendant's answer as argumentative, irresponsive, redundant, immaterial and impertinent, pursuant to Federal Rules of Civil Procedure, rule 12(f), 28 U.S.C.A.; to strike certain defenses and to dismiss the same as insufficient and not constituting a legal defense, pursuant to Rules 12 (b) and (f); to dismiss certain counterclaims for failure to state a claim for relief, pursuant to Rule 12(b); and to vacate defendant's demand for a jury trial.

Plaintiff's claim is for infringement of a trade-mark registered under the Act of 1905, 33 Stat. 724, et seq., copyright in-fringement, and unfair competition. Plaintiff is a manufacturer of woolen goods, which it sells to manufacturers of women's coats and suits under the marks "Forstmann" and "Milateen". When plaintiff sells the wool it furnishes labels on which the above words appear, with the intent that the manufacturer shall affix them to the finished garments. Plaintiff, however, retains title to these labels, and if the woolen goods are not made into garments but are, instead, resold as piece goods, plaintiff stipulates that the labels must be returned.

Defendant is a manufacturer of ladies garments. Plaintiff charges that defendant having "contrived to indirectly acquire" quantities of fabrics manufactured by plaintiff and sold by plaintiff to its customers, manufactured ladies suits of such fabrics and affixed thereto labels on which appeared the words "Forstmann" and "Milateen", and sold the garments thus labelled.

Defendant's answer puts most of plaintiff's allegations in issue, but in paragraphs Third, Fourth, Fifth, Sixth and Seventh, it couples denials with affirmative allegations, to the effect, in substance, that the garments to which the aforesaid labels were attached were in fact manufactured from plaintiff's fabrics and that such garments were truthfully labelled to be suits made by defendant from fabrics manufactured by plaintiff. This claim is repeated in defendant's Third defense. It is these allegations which plaintiff moves to strike.

The Federal Rules of Procedure prescribe a simple method whereby claims and defenses may be stated. Rule 8, F.R.C.P. The rules, as construed, do not contemplate correction of inartistic pleadings by motion to strike, in the absence of some prejudice to the opposing party. See Moore's Federal Practice 2317-18 (2d Ed., 1948). If the allegations attacked are such that under some contingency they may raise relevant issues, they will not be stricken. Moore, op. cit. supra, at 2318; see American Machine and Metals Co. v. De Bothezat Impeller Co., D.C.S.D.N.Y. 1948, 8 F.R.D. 306.

■ The allegations which plaintiff seeks to have stricken should, perhaps, have been pleaded solely as an affirmative defense. Cf. Moore, op. cit. supra, at 1694–95. But a motion to strike does not raise the issue of whether a defense must be pleaded affirmatively or may be proven under a general denial. Moore, op. cit. supra, at 2320. It is sufficient that the allegations have some possible bearing upon the subject matter of the litigation. Moore, op. cit. supra, at 2317.

■ Not only do these allegations have a bearing upon the subject matter, but, under the doctrine of Champion Spark Plug Co. v. Sanders, 1947, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386, and similar cases, they may, if proved, constitute a complete defense to the trade-mark infringement and unfair competition claims at least. Cf. Forstmann Woolen Co. v. J. W. Mays, Inc., D.C.E.D.N.Y.1950, 89 F.Supp. 964. The redundancy involved in the repetition of the same matter in the Third defense is harmless. Accordingly, the motion to strike the affirmative matter contained in paragraphs Third, Fourth, Fifth, Sixth and Seventh of the answer, and the motion to strike and dismiss the Third separate defense will be denied.

Plaintiff next moves to strike and dismiss the Second and Fifth affirmative defenses.

■ The Second defense is, in effect, little more than a general denial of the plaintiff's claim. It denies that anything defendant has done, is doing, or proposes to do is in violation of any of plaintiff's "valid" rights. Such vague catchalls add nothing but confusion, particularly in an answer such as the one here under attack. The motion will be granted as to the Second defense.

Plaintiff moves to strike and dismiss defendant's Fifth defense, which is also defendant's first counterclaim. The allegations involved charge, in substance, that plaintiff is violating the anti-trust laws, and that, accordingly, plaintiff may not enforce its asserted trade-mark rights.

■ Plaintiff urges that its violation of the anti-trust laws is no defense in an action for infringement of its trade-mark, citing numerous cases. Defendant relies on 15 U.S.C.A. § 1115. That Section, enacted as part of the Lanham Act of 1946, provides, in substance, that a mark which has become incontestable under the provisions of the Lanham Act may not be enforced where "the mark has been or is being used to violate the anti-trust laws of the United States." Plaintiff's marks are registered under the Act of 1905, and no incontestability attaches thereto. Nevertheless, if a trade-mark owner's use of his incontestable mark is subject to the defense specified in § 1115, *a fortiori*, the plaintiff's mark, which lacks the status of incontestability, must be subject to the same defense. The difficulty, however, is that defendant does not allege that the mark is being used in violation of the anti-trust laws. Instead, it charges the plaintiff with a boycott, with conspiring to establish retail price control, and with various other matters, which taken together constitute a claim that the plaintiff is violating the anti-trust laws in certain respects, but not that it is using the trade-mark to do so. Such a defense is insufficient in a trade-mark infringement case. See Vitagraph, Inc. v. Grobaski, D. C., W.D.Mich.1931, 46 F.2d 813, 814; cf. 15 U.S.C.A. § 1115. Accordingly, in so far as defendant has alleged *as a defense* that the plaintiff has violated the anti-trust laws, plaintiff's motion to strike will be granted, with leave, however, to the defendant to amend.

■ Plaintiff also moves to dismiss these allegations in so far as they are pleaded as a counterclaim for "failure to state facts constituting a cause of action" under the anti-trust laws. Of course, it is only necessary that the allegations constitute a statement of a claim upon which relief may be granted, see Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; Camrel Co. v. Skouras Theatres Corp., D.C.N.J.1944, 57 F.Supp. 811, 812; and under the Federal Rules a pleading should not be dismissed unless it appears to a certainty that the pleader is entitled to no relief under any state of facts which could be proved in support of the claim. Moore, op. cit. supra, at 2245. With these principles in mind, I turn to plaintiff's particular grounds.

■ First it is urged that the absence of an allegation that defendant was engaged in interstate commerce is a fatal defect. On reading the counterclaim, however, it is apparent that the conspiracy which plaintiff is alleged to have participated in is alleged to have been one to restrain trade in interstate commerce, and plaintiff is alleged to have been itself engaged in interstate commerce. Under the statute, 15 U.S.C.A. § 15, there is no requirement that the person injured show that he is engaged in interstate commerce. It is sufficient if what is alleged would, if proved, amount to a violation of the statute, and if the pleader alleges injury to himself proximately resulting therefrom. See Lynch v. Magnavox Co., 9 Cir., 1938, 94 F.2d 883, 888; Glenn 'Coal Co. v. Dickinson Fuel Co., 4 Cir., 1934, 72 F.2d 885.

Plaintiff next urges that defendant cannot recover on its counterclaim because what plaintiff is alleged to have done does not constitute a violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note.

The gist of defendant's counterclaim is that plaintiff, acting in concert and agreement with others, including some of defendant's competitors, refused to sell its goods to defendant unless defendant would agree to permit plaintiff to control the prices at which defendant would sell its finished garments, the retail prices for defendant's garments, and the retail stores to which defendant would sell.

■ Plaintiff argues that under the anti-trust laws, it is entitled to select those to whom it will sell, citing numerous cases. The cases, however, indicate that the line between legality and illegality when a manufacturer attempts to establish resale price maintenance on the product he makes is a fine one, and will, in each case, depend upon the facts proved. Dr. Miles Medical Co. v. Park & Sons Co., 1911, 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502; United States v. Colgate & Co., 1919, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992, 7 A.L.R. 443; United States v. Schrader's Sons, Inc., 1920, 252 U.S. 85, 40 S.Ct. 251, 64 L.Ed. 471; Frey & Son, Inc. v. Cudahy Packing Co., 1921, 256 U.S. 208, 41 S.Ct. 451, 65 L.Ed. 892; United States v. Bausch & Lomb Optical Co., 1944, 321 U.S. 707, 64 S.Ct. 805, 88 L.Ed. 1024. Accordingly, plaintiff's motion to dismiss on this ground will be denied. Defendant has by its pleading given sufficient notice to the plaintiff to entitle defendant to introduce whatever evidence may be available to make applicable the line of cases favorable to defendant's contention.

Moreover, it is not at all certain that the cases cited by plaintiff are applicable in any event. Those cases involved resale price maintenance of articles made by the manufacturer and sold by the retailer in the same form. Here, in contrast, the trade-marked article, wool fabrics, is made into garments, and sold as such. The legality of the resale price maintenance charged against plaintiff is open to question. Cf. Ethyl Gasoline Corp. v. United States, 1940, 309 U.S. 436, 60 S.Ct. 618, 84 L.Ed. 852; Cummer-Graham 'Co. v. Straight Side-Basket Corp., 5 Cir., 1944, 142 F.2d 646, certiorari denied 1944, 323 U.S. 726, 65 S.Ct. 60, 89 L.Ed. 583. And the dictum in United States v. Bausch & Lomb Optical Co., supra, 321 U.S. at page 721, 64 S.Ct. at page 812, 88 L.Ed. 1024, is also relevant, and must be considered. Other doctrine may be controlling. I make these comments in order to make it clear to the trial judge that I do not hold that any rules are necessarily applicable.

Next the plaintiff urges that the counterclaim is defectively pleaded, because it is "replete with allegations of conclusions without any facts." However, I conclude that the counterclaim sufficiently apprises plaintiff of the nature of the claim against it, keeping in mind the theory of pleading under the Federal Rules, see Moore, op. cit. supra, at 1606–07, 2245, and the problem facing the pleader who desires to state a claim under the anti-trust laws, Moore, op. cit. supra, at 1663–64.

The assertion that defendant has failed to allege any causal connection between the violation charged and the injury alleged to have been sustained is devoid of merit. See paragraphs Twenty-Second (a), (b), (c),

372

(d), Twenty-Fourth and Twenty-Seventh of defendant's counterclaim.

 Plaintiff urges that paragraph Twenty-Sixth of the counterclaim is improper and should be stricken. In this paragraph defendant alleges that plaintiff, without probable cause, has brought several suits for trade-mark infringement against various persons, and alleges that the instant action against the defendant "is particularly baseless in view of the fact that defendant's reputation as a manufacturer is of the highest." These allegations are immaterial.

While baseless threats to bring actions for infringement without actually bringing suit may be an unfair method of competition, Flynn & Emrich Co. v. F. T. C., 4 brought, as these allegations charge, that rule of law does not apply. The allegations as to defendant's reputation are also immaterial; good reputation of an alleged infringer is not a defense in an infringement action, nor a material allegation in such a counterclaim as this.

Cir., 1931, 52 F.2d 836, when suit is actually material; good reputation of an alleged infringer is not a defense in an infringement action, nor a material allegation in such a counterclaim as this.

Since the presence of these allegations might be prejudicial to the plaintiff, see International Tag & Salesbook Co. v. American Salesbook Co. Inc., D.C.S.D.N.Y., 1943, 6 F.R.D. 45, 48, they should be stricken.

The remainder of plaintiff's arguments have been considered and found to be without merit.

The motions to strike and dismiss are accordingly denied, except to the extent indicated above, with leave to defendant to serve an amended answer.

Plaintiff's request that the motions be treated as being for summary judgment under Rule 56 is granted and the motion for summary judgment is denied, without prejudice. The few documents which were submitted to the Court during oral argument and thereafter form a wholly insufficient basis for any decision on the merits.

Plaintiff's motion for an order vacating defendant's demand for a jury trial will be granted with respect to the trial of the issues of trade-mark infringement, copyright infringement, unfair competition, and the defenses thereto. The demand for a jury

trial on the counterclaim will stand, and a severance will be had, the trial of the counterclaim to follow the trial of the other issues.

Settle order on notice.