## FORSTMANN WOOLEN CO. v. ALEXANDER'S DEPARTMENT STORES, Inc.

United States District Court
S. D. New York.
March 30, 1951.

Gainsburg, Gottlieb, Levitan & Cole, New York City (Joseph P. Segal, New York City, of counsel), for plaintiff.

J. Norman Lewis, New York City, for defendant.

LEIBELL, District Judge.

Plaintiff brings this action against defendant claiming that the defendant has infringed plaintiff's registered trademark and plaintiff's copyrighted label and has unfairly competed with plaintiff by using plaintiff's trademark and label in advertising coats and women's wear made of plaintiff's woolen and worsted fabrics. Plaintiff seeks an injunction, an accounting, damages and the destruction of plaintiff's labels in defendant's possession.

Defendant's answer admits that on several occasions it advertised garments made of Forstmann woolens and that it sold goods and wearing apparel made of Forstmann woolens and at low prices to the public, but denies the other allegations of the complaint. The answer also pleads special defenses. The following allegations are quoted from the Fourth Special defense which is also pleaded as a first counter-claim:

"Twentieth: Upon information and belief, Forstmann continuously until the date of the filing of this Complaint while engaged in the manufacture, sale, and distribution of woolen goods in competition in interstate commerce as hereinabove described well knowing all of the matters and things set forth herein, and with great combined financial power, wide experience, and unquestioned skill in trade and industry in the City and County and State of New York and in other cities and states throughout the United States, knowingly and with the intent so to do did illegally combine, conspire, confederate and agree with the various individuals and corporations hereinabove mentioned and with others, and with various manufacturers of women's apparel, men's apparel, and other manufacturers, jobbers, dealers, and retailers, and with other divers persons unknown to Alexander's at this time, and has at all times to the date hereof unlawfully combined, conspired, confederated, and agreed with said individuals hereinabove mentioned, and among themselves and with other manufacturers, jobbers, dealers, and retailers, and with other divers persons unknown to Alexander's at this time, to restrain, hinder, frustrate, suppress, and destroy competition in commerce, in the manufacture, sale and distribution of woolen goods and in particular of Forstmann woolens and the garments made thereof and to unlawfully fix prices and to monopolize or attempt to monopolize trade and commerce in the manufacture, sale and distribution of Forstmann woolen goods and the garments made thereof and to eliminate the competition of Alexanders in said garments, and to destroy their business and property, and thereby make great illegal profits in violation of the acts of the United States commonly known as the Anti-Trust Laws, the Sherman Anti-Trust Laws, the Clayton Act, the Robinson-Patman Act, and amendments and supplements thereto. [15 U.S.C.A. § 1 et seq.]"

"Twenty-Second: That in furtherance of the aforesaid conspiracy to eliminate Alexander's and other dealers similarly situated, as competitors, Forstmann has instituted infringement suits similar to the one instituted against Alexander's herein without probable cause or legal justification, but solely for the purpose of carrying out and enforcing its unlawful conspiracy, plan and scheme to unlawfully fix prices, eliminate competition, and to create a monopoly.

"Twenty-Third: In furtherance of said unlawful scheme, Forstmann has unlawfully used its trade mark label in order to unlawfully fix prices, restrain, hinder, frustrate, suppress, and destroy competition and commerce in the manufacture, sale and distribution of woolen goods and to create a monopoly therein."

On the counterclaim defendant claims it has been damaged to the extent of a million dollars.

For a fifth affirmative defense and as a second counterclaim defendant alleges: "Thirtieth: That by reason of the premises plaintiff has been guilty of a misuse of such rights as it may have had under the Copyright Act [17 U.S.C.A. § 1 et seq.] and under the Trade Mark Act [15 U.S.C.A. § 1051 et seq.], and by reason of such misuse Plaintiff is not entitled to any protection under the said acts and the Defendant is entitled to damages by reason of such misuse."

Defendant's prayer for relief asks for treble damages and also for injunctive relief against plaintiff's alleged illegal acts.

On February 16, 1951, plaintiff served a notice for a pre-trial conference. Paragraph 2 stated: "2. That the order provide for a severance of the issues and for a separate trial of the issues upon the allegations of the complaint on trademark infringement and unfair competition and the defenses thereto and a separate trial of the issues upon the counterclaims in the defendant's answer for alleged violations of the anti-trust laws which is triable by jury. The trial of the counterclaim to follow the trial of the other issues as provided in a similar action of Forstmann Woolen Co. v. Murray Sices Corp., D.C., 10 F.R.D. 367, at page 372."

Defendant opposes the request for a severance.

Since the first and second claims and the fourth and fifth special defense will present the same issues of fact, the trial of the counterclaims to a jury should first be had and then the trial judge may proceed immediately to try the plaintiff's claim without a jury. The defenses are based on the doctrine of "unclean hands". General Electric Co. v. Hygrade Sylvania Corp., D.C., 45 F.Supp. 714, and cases cited on page 718; Alden Rochelle Inc., v. Ascap, D.C., 80 F.Supp. 888, at page 899. If the jury finds for the defendant on the counterclaim, then, since the special defenses would be a complete defense, the trial judge could entertain a motion to dismiss the complaint on the grounds that the jury's verdict disposed of the issues presented by the special defenses. If the jury finds for the plaintiff on the counterclaims that would eliminate the special defense, and the trial judge may immediately proceed to the trial of the plaintiff's claims, without a jury. This procedure would be in accord with the views expressed by Judge Clark in Ring v. Spina, 2 Cir., 166 F.2d 546, at page 550, and by Judge Hincks in Ford v. C. E. Wilson & Co., D.C., 30 F.Supp. 163, at page 166. See also Bruckman v. Hollzer, 9 Cir., 152 F.2d 730, at page 732; New England Mut. Life Ins. Co. v. Gillette, 2 Cir., 171 F.2d 500. The motion for a severance is granted to this extent and for the above purposes only.

This conclusion is not in conflict with Judge Medina's decision, June 26, 1950, in a similar case reported in Forstmann Woolen Co. v. Murray Sices Corp., 10 F.R.D. 367, at page 372. In that case the Judge granted a motion dismissing the special defenses and noted that they did not allege that the trademark was being used in violation of the anti-trust laws. He directed that the issues of plaintiff's claim be tried first and then the counterclaim. In the case at bar Judge Noonan on October 16, 1950 denied a motion to dismiss the special defenses which contain (par. 23rd) allegations that the plaintiff's trademark label is

being used unlawfully to fix prices and restrain and destroy competition. Here we have a special defense that has withstood a motion to dismiss.

The defendant also served a request for a pre-trial. Paragraph 1 thereof asked: "1. That an order be made dismissing that portion of the plaintiff's complaint which is predicated upon copyright or trade mark infringement. This is based upon decision cf Judge Galston in the case Forstmann Woolen Co. v. J. W. Mays, Inc. decided April 24, 1950 [89 F.Supp. 964]."

The defendant's motion to dismiss that portion of the complaint which is based upon copyright and trademark infringement is denied without prejudice. It can better be decided by the trial judge after all the evidence is in. Further, the motion to dismiss is based in part upon Judge Galston's ruling on the copyright claim in a similar case brought by plaintiff against J. W. Mays Inc., Forstmann Woolen Co. v. J. W. Mays, Inc., D.C., 89 F. Supp. 964. An appeal from an adverse decree in that case has been taken by the plaintiff to the United States Court of Appeals, where it is now pending.

Both plaintiff and defendant in their requests for a pre-trial conference sought a discovery and inspection of certain documents, books and records of the opposing party. At the pre-trial hearing I ruled on the data requested as listed in schedules annexed to the pre-trial notice. The rulings were as follows:

As to documents and records listed in various paragraphs of plaintiff's demand—Paragraphs 1, 6, 7 and 8 were denied; paragraphs 3, 4 and 5 were granted; paragraph 2 was granted with a modification.

As to the documents and records listed in various paragraphs of defendant's demand—Paragraphs 2, 4 and 9 were denied; paragraphs 3, 5, 6 and 7 were granted, and paragraphs 1 and 8 were granted with modifications.

Plaintiff also asks for an order directing the defendant to answer interrogatories. Since the defendant is to be examined by the plaintiff within a few days, many if not all of the interrogatories may become unnecessary. The motion in respect to the interrogatories is accordingly denied, without prejudice.

Settle an order in accordance with the above rulings.