344

**WALMAC CO., Inc.   v.   ISAACS.**
**Civ. A. No. 1414.**

United States District Court
D. Rhode Island.
March 12, 1954.

Albert A. Baker, Providence, R. I., for plaintiff.

Matthew W. Goring and Thomas J. Hogan, Providence, R. I., for defendant Isaacs.

Walter I. Sundlun, Providence, R. I., pro se.

Arthur A. Singer, pro se.

DAY, District Judge.

This action by the plaintiff, a Rhode Island corporation, was commenced against the defendant, a resident of the Commonwealth of Massachusetts, by the filing of a complaint entitled "Complaint For Interpleader And Declaratory Relief". Subsequently the plaintiff filed an amendment to its complaint wherein it joined Arthur A. Singer of the City, County and State of New York, and Walter I. Sundlun of the City and County of Providence in the State of Rhode Island, as defendants.

The original complaint alleges that this Court has jurisdiction by reason of diversity of citizenship between the plaintiff and defendant and the existence of a controversy in the required jurisdictional amount. 28 U.S.C.A. § 1332.

The amendment to the complaint states that the plaintiff has deposited in the registry of this Court the sum of $4,725 as required by 28 U.S.C.A. § 1335, there to abide the judgment of the Court.

The allegations of the original complaint as amended may be briefly summarized as follows: that the plaintiff is the owner of certain real estate located in the City of Providence; that as a result of the joint efforts of the defendants, Isaacs and Sundlun, it leased a portion of this real estate to a New York corporation; and that it thereby became obligated to pay to them the sum of $4,725 as compensation for their services in procuring and effecting said lease; that on the basis of a stipulation signed by it, pursuant to an agreement between the said Isaacs and Sundlun, it had become obligated to pay the sum of $1,500 to the said Singer out of said sum of $4,725 owing by it as aforesaid; that the said Isaacs and Sundlun are claiming a portion of the money which it is obliged and willing to pay, and are unable to agree as to the amount which the plaintiff shall pay to each of them; and that by reason of these conflicting claims it is in great doubt as to the amount it is obliged to pay to each of said three claimants whom it has made defendants. The plaintiff then prays that the three claimants may be required to interplead and that the Court determine the amounts that it shall pay to each of them, and that each be temporarily and permanently enjoined from instituting any action or prosecuting any action already instituted against the plaintiff for the recovery of any amount claimed to be due by any one of them from the plaintiff.

Separate answers were filed by the defendants, Singer and Sundlun. The defendant, Isaacs, moved pursuant to Rule 12(f), F.R.C.P., 28 U.S.C.A., that the complaint and amendment styled "Amendment to Plaintiff's Interpleader" be stricken on the ground that they do not conform to Rule 8, F.R.C.P., in that the averments thereof are not simple, concise and direct as required by said Rule.

Oral arguments were made on this motion on December 1, 1952, and decision was reserved by the Court. By agreement of counsel the matter has been submitted to this Court as presently constituted upon briefs and a transcript of the argument of counsel as then made.

Motions to strike, especially motions to strike an entire pleading, are not looked upon with favor. They should not be granted unless the averments in question have no relation to the controversy or are clearly prejudicial to the moving party. Forstmann Woolen Co. v. Murray Sices Corporation, D.C., S.D. N.Y.1950, 10 F.R.D. 367; Tucker v. A. & P. Food Stores, D.C.N.D.Ohio 1949, 9 F.R.D. 607; Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corporation, et al D.C., S.D.N.Y.1942, 2 F.R.D. 305. In passing upon such a motion, any doubts are to be resolved in favor of the pleading. Tucker v. A. & P. Food Stores, supra.

While in the instant case the averments of the complaint are not as "simple, concise and direct" as artistic pleading would dictate, the Court is of the opinion that these averments do relate to the controversy and that the defendant Isaacs has failed to show any prejudicial harm resulting to him from their inclusion in the complaint.

For these reasons the motion to strike is denied.