**Olga DE BELAIEFF**

v.

**Geraldine C. MOULTON et al.**

**Civ. A. No. 1328.**

United States District Court,
D. Rhode Island.

March 4, 1955.

Max Winograd, Marshall B. Marcus, Providence, R. I., for plaintiff.

J. Russell Haire, W. Ward Harvey, William P. Sheffield, Newport, R. I., for defendant.

DAY, District Judge.

This is an action brought by Olga de Belaieff of the State of New York against Geraldine C. Moulton of the State of Rhode Island, individually and in her capacity as executrix of the last will and testament of Arthur Julian Moulton, deceased. Jurisdiction of this Court is alleged to exist on the ground of diversity of citizenship and the existence of a controversy between the parties in the required jurisdictional amount. 28 U.S.C.A. § 1332.

The complaint alleges in substance that on August 2, 1940 the plaintiff and the deceased, who were then wife and husband, entered into an agreement whereby the deceased agreed to pay to the plaintiff the sum of $750 per month on the first day of each and every month during her lifetime and to provide in his last will and testament that his obligations under said agreement would be a charge upon his estate to secure said payments to the plaintiff if he should predecease her; that the plaintiff has performed all of the obligations on her part in said agreement; and that there has been a default on the part of the deceased in the performance of his undertakings thereunder.

The complaint further alleges that the said Arthur Julian Moulton died on July 7, 1951; that his will dated October 15, 1948 was admitted to probate by the Probate Court of the City of Newport on August 2, 1951, and that the defendant is the duly qualified executrix thereof; that the deceased in said will provided that any obligation which he had incurred under the agreement with the plaintiff should be a charge upon his estate and directed his executrix to make payment to the plaintiff of any sums due and payable thereunder; that the plain-tiff has filed a claim in the sum of $172,-221.66 against the estate of the deceased and that the inventory of the personal estate of the deceased amounted to $34,-000.

The complaint also alleges that subsequent to the 2nd day of August 1940 the deceased at numerous times transferred and conveyed to the defendant with the intent and purpose to hinder, delay or defraud creditors, including the plaintiff, certain property including a parcel or real estate specifically described therein; and that the defendant has title, possession, custody and control of said property and has omitted to include it in the inventory of the estate of the deceased.

The plaintiff demands judgment against the defendant individually and as executrix for all sums found to be due to her together with costs, that the transfer and conveyances alleged to have been made to the defendant be declared void and that any judgment herein entered in favor of the plaintiff be declared a lien on said property and that the same be sold to satisfy such judgment and costs. She also demands that the defendant be enjoined from selling, assigning, encumbering or otherwise disposing of said property.

In her answer the defendant pleads fifteen separate defenses. Summarized these defenses are that the complaint fails to state a claim against the defendant upon which relief can be granted; that the agreement upon which plaintiff predicates her action was illegal and void because the consideration therefor was the promotion of a divorce between the plaintiff and deceased; that the plaintiff's claim had been disallowed by the defendant who had requested the Probate Court of the City of Newport to appoint commissioners to examine and determine it in accordance with the statutes of the State of Rhode Island and that under said statutes no suit can be brought on said claim; that said transfers and conveyances of which the

plaintiff complains were not in fraud of creditors; that under the laws of the State of Rhode Island the Probate Court of the City of Newport has complete and exclusive jurisdiction over the administration of the estates of deceased persons and has the exclusive jurisdiction to determine the completeness, accuracy and validity of any inventory of the estate of the deceased.

The remaining defenses asserted in the answer are that complaint fails to allege that the plaintiff was a creditor at the time of said transfers and conveyances; or that the deceased was insolvent at said time; or that he was the owner of any property so transferred; or by what form of instrument the transfers and conveyances were made or that they were made without full and adequate consideration; that the claim of the plaintiff is contingent and conjectural, and finally, that the Probate Court of the City of Newport has original and exclusive jurisdiction of all matters appertaining to the estate of said deceased, including the determination, validity and enforcement of the claim alleged by the plaintiff.

The plaintiff has moved under Rule 12 (f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to strike the entire answer of the defendant on the grounds that it does not conform to the requirements of Rules 7 and 8, and also to strike certain of the defenses or parts thereof on various grounds, i. e., that each of them is insufficient in law and some of them are also redundant or immaterial.

The defendant has moved under Rule 12(d) that her first defense be heard and determined before trial.

■ Motions to strike, especially motions to strike an entire pleading, are not looked upon with favor. They should not be granted unless the averments attacked by the motion have no relationship to the controversy or are clearly prejudicial to the moving party. Brown & Williamson Tobacco Corp. v. United States, 6 Cir., 1953, 201 F.2d 819; Forstmann Woolen Co. v. Murray Sices Corporation, D.C.S.D.N.Y.1950, 10 F.R.D. 367; Pittston-Luzerne Corporation v. United States, D.C.M.D.Pa.1949, 86 F. Supp. 460; Tucker v. A. & P. Food Stores, D.C.N.D.Ohio, 1949, 9 F.R.D. 607; Walmac Co., Inc., v. Isaacs, D.C. R.I.1954, 15 F.R.D. 344. In passing upon such a motion, any doubts are to be resolved in favor of the pleading which is attacked.

■ Similarly, motions to strike are not to be employed to correct inartistic pleadings in the absence of a showing of some prejudice to the moving party. Forstmann Woolen Co. v. Murray Sices Corporation, supra; Walmac Co., Inc., v. Isaacs, supra.

■ While it is true that the defendant's answer does not conform to the requirements of said Rules 7 and 8, its averments do relate to the controversy and there has been no showing by the plaintiff that she will be prejudiced by any of the averments appearing therein. In my opinion the several defenses which the plaintiff seeks to have stricken do present bona fide questions of fact and substantial questions of law which should be heard and decided on the merits. For these reasons the plaintiff's motion under Rule 12(f) is denied.

Rule 12(d) provides that the defense of failure to state a claim upon which relief can be granted shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination thereof be deferred until trial.

■ After a careful consideration of the issues raised by the defendant's first defense and the novel and substantial questions of law involved therein, I am of the opinion that the determination of the legal sufficiency of the plaintiff's complaint should await trial. Miller v. Camarco Contractors, Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 560; 2 Moore's Federal Practice, Sec. 12.16.

The motion of the defendant that its first defense be heard and determined before trial is therefore denied without prejudice to the defendant.