INSTITUTIONAL DRUG DISTRIBU-TORS, Inc., a California Corporation, Petitioner,

v.

Hon. Leon YANKWICH, as Chief Judge of the United States District Court of the Southern District of California, Central Division, Respondent.

Misc. No. 637.

United States Court of Appeals Ninth Circuit.

June 20, 1957.

---

44. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Weller & Corinblit, Elwood Kendrick, and Jack Corinblit, Los Angeles, Cal., for petitioner.

Before LEMMON, FEE and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

An application for leave to file petition for writ of mandate has been lodged with the Clerk of this Court. It sets up that a civil complaint was filed on May 7, 1956, in the United States District Court for the Southern District of California, Central Division, entitled G. D. Searle & Co., a corporation, plaintiff, v. Institutional Drug Distributors, Inc., a California corporation, et al., No. 19884–Y. There are three causes of action therein. One cause alleged infringement and the other two unfair competition. The relief sought is injunction pendente lite, and thereafter permanently, and accounting for profits and damages suffered by plain-

tiff as a result thereof. Petitioner filed an answer, which contains a general denial and a separate defense that Searle had used the alleged trademark in violation of the anti-trust laws and alleges by reason thereof Searle was in court with unclean hands. A defense that no claim is set forth in the complaint upon which any relief can be granted is also included.

A counterclaim by Institutional against Searle is also set forth separately in the same answer. Stephen Chase, Lewis S. Hoyt and Julius K. Holbein were also named therein as third party defendants. The relief asked is that Searle and the third party defendants be enjoined from engaging in acts of conspiracy, boycott, monopoly and other acts in alleged violation of the anti-trust acts of the United States, that the complaint be dismissed, that the alleged trademark sued on by Searle be held to be descriptive and not a valid trademark, that the third party defendants be summoned and required to present any defenses they may have to the counterclaim, that Searle be adjudged to have used the alleged trademark in violation of the anti-trust laws so that the mark will be unenforceable against Institutional, that the trademark be ordered cancelled by the Commissioner of Patents and stricken from the Federal Register of Trademarks, that the court deny Searle all relief on the ground of unclean hands, "in view of its unconscionable conduct in entering into agreements with its distributors requiring said distributors to submit non-competitive and sham bids to public bodies and institutions." There is also a prayer that defendant have judgment under its counterclaim for $100,000.00, trebled to $300,000.00, and reasonable attorney fees. There is a further prayer that the court grant "such other relief as to it seems just and proper."

A demand for jury trial was filed by Institutional on the counterclaim as to Searle and the third party defendants.

The petition alleges no date as to the filing of the answer and counterclaim. There is no allegation that the third party defendants were served or filed answers to the counterclaim. There is an allegation that subsequently (no date given) the trial court "entered an injunction pendente lite against petitioner." We may infer from the blank text of the order attached that this action was taken in 1956. Again it is alleged that "subsequently, the court below set the entire action down for trial on April 23, 1957." When this action was taken the petition does not advise us.

It is then alleged that on April 16, 1957, the trial judge in open court, on his own motion and over objection of petitioner, "made an order directing that the trial of the complaint and answer," including the defense of "unclean hands" by reason of claimed violations by Searle of the anti-trust laws but excluding trial of the counterclaim against Searle and the third party defendants, be held commencing April 23, 1957, before the District Judge sitting without a jury, and that the trial of and determination of these issues be made by the District Court before any trial by jury of the issues raised by the counterclaim.

The petition alleges such action deprives Institutional of a right to trial by jury on the counterclaim and that the order is without jurisdiction of the District Court.

This application to file the petition came on for hearing before this Court on April 23, 1957, the day which had been set for trial. The District Court postponed the hearing for one day to give this Court opportunity to act. There was a motion before this Court by Institutional that the District Court delay the trial further so this Court might advise of the matter. No one appeared for petitioner. There was an appearance for Searle.

The Court from the bench, one judge dissenting, ordered that a motion for further delay of the trial be denied.

■ The reasons for this order, although not announced at the time, were obvious. First, the trial court had plenary power under the Civil Rules to take such action. For convenience, the "sepa-

rate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue" may be ordered by the trial court. Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A. See also Rule 13(i). These rules are of the same force as any other. Second, the motion to postpone was presented to this Court on the morning that the trial was to proceed in the District Court. If counsel had only been advised of the intention of that court at the beginning of the trial or the day before, more consideration might have been given. An appellate court should not embarrass a trial court by preventing or intervening in the trial of a case already in progress or on the threshold. Third, there is some evidence that the parties and the court have been proceeding for a considerable period of time on the theory that equity had jurisdiction of the complaint and the defense of unclean hands because of violation of the anti-trust laws. The record shows that an injunction pendente lite was issued some considerable time ago and the whole case set for trial. Some of the issues were unquestionably already adjudicated, at least preliminarily, and an equitable remedy granted.

The order denying the motion for a temporary stay was correct.

The question of whether this Court should allow the application for permission to file petition for writ of mandamus is next considered. This application might well be denied on the same grounds set out above.

The sole relief asked is that the trial court be required to try certain legal issues by jury either before or simultaneously with the trial of other issues by the judge.

This Court has insistently protected the right of trial by jury, guaranteed by the Federal Constitution, Amend. 7 "in Suits at common law, where the value in controversy shall exceed twenty dollars." We have prevented courts from trying factual issues in a law action after withdrawing them from a jury.[1] Summary judgments have been set aside where factual issues which might have been tried to a jury were involved.[2] Waivers of the right by failure to file demand have been scrutinized here.[3] Where the case is essentially one at law, this Court has approved trial of legal issues where the complaint had asked for a declaratory judgment.[4] Nor has the position of this Court now changed. In these times, trial by jury is essential to preserve our system of government.

Nor do we raise the question of power.

However, as we have heretofore pointed out, the right of trial by jury was limited to actions at common law at the time of the adoption of the Constitution.[5] Equity was a flourishing system at that period. The boundary between the systems was defined with some clarity. A jury trial was not accorded as of right by the Chancellor. There were two fields of equitable jurisdiction. There was the exclusive jurisdiction. There was also the field of concurrent jurisdiction with law. In the latter, if the court of equity first took jurisdiction, complete relief there could be afforded even though issues were decided upon which the common law gave a remedy which the Chancellor had determined was inadequate. In either field, incidental relief in damages might be afforded.[6]

It is not on every complaint now filed that a jury trial is accorded,

1. Palmiero v. Spada Distributing Co., 9 Cir., 217 F.2d 561; Union Pacific R. Co. v. Bridal Veil Lumber Co., 9 Cir., 219 F. 2d 825, certiorari denied 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849.

2. Cox v. English-American Underwriters, 9 Cir., 245 F.2d 330.

3. Richland Irrigation District v. United States, 9 Cir., 222 F.2d 112, certiorari denied 350 U.S. 967, 76 S.Ct. 437, 100 L.Ed. 840.

4. Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A.L.R. 208.

5. Dimick v. Schiedt, 293 U.S. 474, 476, 55 S.Ct. 296, 79 L.Ed. 603.

6. Camp v. Boyd, 229 U.S. 530, 551–552, 33 S.Ct. 785, 57 L.Ed. 1317.

even if there are issues normally triable at law and even if there is the requisite demand therefor. The Federal Rules of Civil Procedure did not change these principles, but affirmed them, since specific reference is made to the Seventh Amendment.[7] A law action may be pleaded in the same complaint as a suit in equity. But, if the whole matter fall within the limits of equity jurisdiction, even separate statement and timely demand will not suffice. It is obvious also that, although an independent counterclaim can be and often must be pleaded under the Rules, it does not change the limits of equity jurisdiction.

■ It would be improper for this Court, at this stage of the litigation, to pass upon the complaint or the counterclaim. Suffice it to say that neither clearly states an action at common law. It is true, a portion of the prayer for relief in the counterclaim sets up a claim for damages which might have been the subject of an action at law, and appropriate allegations of damage appear in the body thereof. Most of the prayers seem to sound in equity. Another consideration is that this Court has not the record of the proceedings in the District Court. Therefore, the District Court must not be trammeled by premature expressions on our part. If a mistake be made, there are methods of correction, which are no more expensive than retrials, which this Court has been compelled to order in other cases. The District Court has the full record before it and must determine whether Institutional was ever entitled to a jury trial and whether that right, if

any, has been waived or still exists. As the record appears, the right of Institutional, if any, has not been formally denied. Perhaps it may only be held in abeyance. Equity had power to enjoin a trial even in a separate tribunal of common law, under certain circumstances, until the issues cognizable in chancery had first been determined.

Nothing in the record shows what the course of the trial judge may be. It is in his power to grant a jury trial sometime in the future,[8] or perhaps even before the equitable issues are determined.[9] In any event, the rule gives the trial judge discretion.[10] In case of appeal from the final judgment, this Court may be required to determine whether that discretion has been abused, if the complete record shows on appeal that a constitutional right of jury trial has been denied. The argument that petitioner had only a week to take action after the trial judge had decided to try the equitable issues is of no avail. This Court should not interdict a trial unless it is demonstrated that a right of petitioner has been infringed. We are bound to assume that the trial court is proceeding properly. There has been no showing to this Court that, if it be assumed Institutional had a right, appeal from the final judgment or some other course would be a clearly inadequate remedy.

As it is, we are haunted by the specter of multiple appeals to this Court.[11] That is indeed an evil. To avoid such appeals in this and other cases, no action should be now taken.

7. Rule 38(a), Federal Rules of Civil Procedure.

8. Smith, Kline & French Laboratories v. International Pharmaceutical Laboratories, D.C., 98 F.Supp. 899; Forstmann Woolen Co. v. Murray Sices Corporation, D.C., 10 F.R.D. 367. See also Union Central Life Insurance Co. v. Burger, D.C., 27 F.Supp. 554.

9. Forstmann Woolen Co. v. Alexander's Department Stores, D.C., 11 F.R.D. 405. This case and those in Note 8 are simply practice opinions and lay down no principle.

10. See Tanimura v. United States, 9 Cir., 195 F.2d 329. Bruckman v. Hollzer, 9 Cir., 152 F.2d 730, does not hold to the contrary, as it, in effect, merely affirms the election of the trial court to try jury and non-jury issues contemporaneously.

11. See discussions of this matter in Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed. 2d 290, indicating that the extraordinary writs should be resorted to only where appeal is a clearly inadequate remedy.

The application to file a petition for writ of mandamus is denied.

BARNES, Circuit Judge.

I dissent from the Order denying leave to file petition for mandamus. This petition discloses a matter where the rarely to be used writ of mandamus would be justified. Jurisdiction being with this Court, (United States Alkali Export Ass'n v. United States, 325 U.S. 196, 204, 65 S.Ct. 1120, 89 L.Ed. 1554), I do not believe the petition should be denied.

The issue involved is petitioner's right to a trial by jury, for which timely demand was made, on an issue of fact. It is settled that an action for damages for an Antitrust violation is one at law. Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84. The majority opinion would deprive the counter-claimant of his jury trial. When the issue is once tried by the court, it has become moot, and the law of the case is fixed. An appeal, or appeals, may be available to petitioner, but they might well be "a clearly inadequate remedy," as is suggested by Judge Biggs in the first case cited below.

I would prefer to follow the path suggested, under very similar circumstances, in the case of Canister Co. v. Leahy, 3 Cir., 1951, 191 F.2d 255, certiorari denied 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669.

See also 28 U.S.C.A. §§ 1292, 1651; Bereslavsky v. Caffey, 1947, 2 Cir., 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862; In re Pan American Life Ins. Co., 5 Cir., 1951, 188 F.2d 833; Goldblatt v. Inch, 2 Cir., 1952, 203 F.2d 79, as well as the cases cited in petitioner's brief: Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730, 732; Forstmann Woolen Co. v. Alexander's Department Store, D.C., 11 F.R. D. 405, (Judge Leibell, S.D.N.Y., 1951); Leimer v. Woods, 8 Cir., 1952, 196 F.2d 828, 833–834, 836; Sablosky v. Paramount, D.C., E.D.Penn.1952, 13 F.R.D. 138, Judge Grim.

And as to the procedure suggested, see: Webster Eisenlohr, Inc., v. Kalodner, 3 Cir., 1947, 145 F.2d 316; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, certiorari denied 1950, 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687.

The majority seem troubled by the alleged deficiencies in the record. We have before us the pleadings. They are enough. Schaefer v. Gunzberg, 9 Cir., 246 F.2d 11.

Next the majority finds fault in the presentation of this motion on the morning that the trial was scheduled to begin in the District Court. The District Court's Order severing the counterclaim was made on April 16, 1957. Until that time petitioner had no way of knowing that he would not be afforded full protection of his constitutional rights. Thereafter, it prepared the instant petition with diligence and argued it before this Court exactly one week to the day after the trial court had made its order. Under these circumstances I do not see how the moving party can be criticized for delay.

Of course the District Court has power under Rule 42(b) of the Federal Rules of Civil Procedure to order the separate trial of any claim, or counterclaim, or any separate issue. But it cannot do so in such a manner as to deprive a litigant of a constitutional right, which to all practical purposes is here accomplished.

No constitutional rights could be prejudiced were there here to be a simultaneous trial of the legal and equitable issues. This is that case where this should be done, and we should aid its accomplishment. To talk of our zeal in preserving the right to jury trial generally does nothing to aid its preservation for one about to lose that constitutional right.