**Maxim DUDZINSKI, Robert Cendrowski, and Anthony Bonislawski, Plaintiffs,**

v.

**RTC TRANSPORTATION, INC., and Johnny Ruth, Defendants.**

**Victoria I. PAZ, Plaintiff,**

v.

**RTC TRANSPORTATION, INC., and Johnny Ruth, Defendants.**

**Nos. 83 Civ. 3056, 83 Civ. 4005.**

United States District Court, E.D. New York.

Nov. 18, 1987.

Edward Minzner, Juron and Minzner, P.C., New York City, for Maxim Dudzinski, Robert Cendrowski, and Anthony Bonislawski.

Dudley Thompson, Ayers & Thompson, P.C., New York City, for RTC Transp., Inc., and Johnny Ruth.

Arnold D. Roseman, New York City, Brian Hussey, Law Office of John F. Picciano, Mineola, N.Y., for Victoria I. Paz.

## MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

These two actions are for personal injuries resulting from a two-vehicle accident in Florida occurring in April of 1983. A car driven by plaintiff Paz carrying plaintiff passengers, Dudzinski, et al., struck the rear of a parked tractor-trailer truck owned by defendant RTC and driven by defendant Ruth. All plaintiffs are New York residents and both defendants are Georgians. A third action was instituted in the New York Supreme Court, Kings County, captioned *Dudzinski, et al. v. Paz*. It should be noted that Dudzinski was the owner of the vehicle driven by Paz.

A stipulation was entered into by the respective parties on January 11, 1984, consolidating the two federal actions for the purpose of a joint trial which was so ordered by this Court. On July 30, 1984, a further Stipulation was entered into permitting defendants RTC and Ruth to "counterclaim" against plaintiff Paz for contribution or indemnification for any potential damages found against them in the *Dudzinski* action which was so ordered by the Magistrate of this Court.

Counsel for defendant Paz (on the counterclaim) now essentially asks the Court to undo the two 1984 Stipulations, claiming that the counterclaim should either be severed or dismissed. The thrust of Paz' argument is that the two federal actions should never have been consolidated, and that if they remain consolidated, then Paz should be realigned as a defendant for all purposes, in accordance with her "true" interests in this litigation.

More specifically, Paz argues that the counterclaim should either be deemed permissive, thereby divesting the court of diversity jurisdiction, (citing *Valencia v. Anderson Brothers Ford*, 617 F.2d 1278 (7th Cir.), *rehearing and rehearing en banc denied*, (1980)), or in the alternative, if the Court finds that the counterclaim is compulsory, then it is invalid because the claim for contribution was not ripe at the time the pleading was served. (citing *Slavics v. Wood*, 36 F.R.D. 47 (E.D.Pa.1964)). In addition, Paz claims that if she is realigned according to her true interest in this litigation (i.e., made a defendant for all purposes), diversity jurisdiction will be destroyed. Finally, Paz asserts that if a jury is forced to determine relative fault among parties and non-parties in the same hearing, Paz will be unduly prejudiced and thus a mistrial will result.

RTC contends, on the other hand, that this motion really is a matter of "much ado about nothing". RTC essentially wants to preserve the substance of the 1984 Stipulations, but recognizes that in order to do so, the wording of the July Stipulation should be changed. The consolidation, RTC argues, was proper, entered into as a matter of convenience to the parties and the Court as well as to avoid the burdens of additional paperwork. The real problem arose, it claims, because the July Stipulation allowing the "counterclaim" was inartfully written. RTC contends that the counterclaim is really a third party complaint and that the Court has ancillary jurisdiction over the third party defendant—Paz—regardless of Paz' citizenship. RTC therefore asks the Court to deny Paz' request and to relabel the "counterclaim" as a third party action.[1]

The Court, having given due consideration to the claims of the parties, in the interests of justice and in order to secure the just, speedy, and inexpensive determination of this action, Rule 1, F.R. C.P., *sua sponte* finds that it is necessary to cancel the counterclaim order.

---

**1.** As Judge Dooling noted in *Atlantic Aviation Corporation v. Estate of Costas*, 332 F.Supp. 1002 (E.D.N.Y.1971), whereas there is a problem of "ripeness" in bringing a Rule 13(a) compulsory counterclaim, "Rule 14(a) (impleader), like Rule 13(g), treats the claimover for indemnification as a pleadable, litigable claim; for procedural purposes a claim for indemnification is ripe for adjudication; it may be tendered in a pending action in which the primary liability is being adjudicated.: *Id.* at 1007.

Because a consolidation "... does not merge ... (separate) suits into a single cause, ... or make those who are parties in the suit parties in another", *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933); *see also Zdanok v. Glidden Co.*, 327 F.2d 944, 950 (2nd Cir.1964), numerous procedural problems have arisen which could have been avoided had there been two truly separate actions brought from the outset. The Court has decided to resolve all such problems by ordering that the counterclaim order be revoked. This will prevent possible jury confusion. Because there is a common question as to causation, however, it is clearly necessary to maintain a single consolidated action. "Consolidation is permitted as a matter of convenience and economy in administration ..." *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933).

■ The plaintiffs in this consolidated action will therefore be Paz and Dudzinski, et al. and the defendants will be RTC and Ruth. It should be noted that, under Florida law, which applies here, any damage award that passenger plaintiff, Dudzinski, who was the owner of the vehicle driven by Paz, may receive will be no greater than that driver Paz may be entitled to. *See Weber v. Porco*, 100 So.2d 146 (Fla.1958). The above alignment will eliminate the need for the procedural machinations which have already taken up so much of the Court's and the parties' time to date. Furthermore, the Court, on its own motion, hereby orders a bifurcated trial for the determination of relative liability and, if necessary, for the determination of damages. The date of trial will be January 19, 1988 at 10:00 A.M.

SO ORDERED.

