Patrick LAGUDI, Plaintiff,

v.

**LONG ISLAND RAILROAD COMPANY, Defendant.**

**LONG ISLAND RAILROAD COMPANY, Third–Party Plaintiff,**

v.

**Harold SAWYER, Third–Party Defendant.**

**Nos. CV–86–3094, CV–86–4140 and CV–89–3463.**

United States District Court, E.D. New York.

Oct. 15, 1991.

Kranz, Davis & Hersh, Hauppauge, N.Y., for plaintiff.

Thomas M. Taranto, Jamaica, N.Y., for defendant/third-party plaintiff.

Scalzi & Nofi, Melville, N.Y., for third-party defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

These three personal injury actions by plaintiff Patrick Lagudi against defendant/third-party plaintiff Long Island Railroad Company ("LIRR") have been consolidated for trial. LIRR has moved this court for a bifurcation of the trial—with one trial for liability and a second trial, if necessary, for damages. Mr. Lagudi opposes the motion; third-party defendant Harold Sawyer has advised the court that he neither supports nor opposes the motion of the defendant. At the time this motion was argued, the trial for these consolidated actions was scheduled to begin within a few days. For the reasons stated below, the motion of the defendant is granted.

## FACTS

Plaintiff Patrick Lagudi is a former Long Island Railroad ("LIRR") police officer. He claims to have sustained injuries in the three separate incidents described below:

(1) Plaintiff alleges that he was injured on September 19, 1983 when he and two other police officers arrested suspects at Jamaica Station. He contends that, because of the inadequate training received by his fellow officers in techniques to subdue and to handcuff prisoners, one of those suspects struck the plaintiff. The plaintiff contends that he suffered dental and back injuries.

(2) Plaintiff alleges that he was injured on December 14, 1983. That evening, he reported to work at Jamaica Station, but he was reassigned for the evening to a different location. Plaintiff drove his own vehicle to the new location, and he claims to have injured his back in an accident that occurred en route. Plaintiff contends that LIRR should have provided him with a police cruiser to make that journey.

(3) Plaintiff alleges that he further injured his back on August 8, 1988 when the LIRR police cruiser that he was driving collided with an automobile driven by third-party defendant Harold Sawyer. Plaintiff was on duty at the time of the accident. It appears that the police cruiser driven by

plaintiff was struck on the left side as plaintiff attempted to drive onto Dunkirk Street in Queens. Plaintiff claims that his view of any on-coming traffic—specifically, of the car driven by Sawyer—was obstructed by an illegally-parked LIRR truck.

## DISCUSSION

Federal Rule of Civil Procedure 42(b) provides, in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim ... or of any separate issue....

The language of this rule ("[t]he court ... *may* order ...") clearly indicates that the order for bifurcation is discretionary, and the Second Circuit has so held. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir.), *cert. dismissed,* — U.S. —, 111 S.Ct. 27, 111 L.Ed.2d 840 (1990); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1289 (2d Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990). Thus, the motion of defendant LIRR is addressed to the discretion of the court.

It is the argument of LIRR that bifurcation would help to avoid any prejudice against LIRR on the question of liability that might be generated by testimony as to the plaintiff's alleged injuries. In this respect, LIRR submits that:

> [P]laintiff's theories of liability are strained.... A bifurcated trial will avoid the risk of prejudice to defendant since there will be no danger of a jury being influenced by sympathy for plaintiff's injuries while deliberating on the very weak liability aspects of his case.

Memorandum of Defendant/Third–Party Plaintiff at page 6.

Plaintiff argues that any possible jury prejudice could be prevented through proper jury instructions. Indeed, the plaintiff argues that bifurcation on the eve of trial would "greatly inconvenience and possibly prejudice Plaintiff as the scheduling and sequence of witnesses would have to be greatly altered in a very short period of time." Memorandum of Law of Plaintiff at page 2. Further, it is the position of the plaintiff that LIRR has not demonstrated any special need for bifurcated proceedings.

Although the decision to bifurcate the trial is "firmly within the discretion of the trial court," *In re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir.1975), the case law under Rule 42(b) does provide some guidance. As a general matter, courts do at times order separate trials for liability and for damages. *See, e.g., Dudzinski v. RTC Transportation, Inc.*, 117 F.R.D. 509, 511 (E.D.N.Y.1987) (Bartels, J., ordering bifurcation sua sponte in personal injury action). The Second Circuit has endorsed bifurcation if "the two phases involve[ ] different types of evidence." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984) (observing that, in suit against pension fund trustees: "The evidence in the liability phase was concerned with the prudence of the bank loan at the time when the loan was made whereas the damages phase involved evidence as to the amount of money eventually lost on account of the loan."). In *Helminski v. Ayerst Lab., a Div. of A.H.P.C.*, 766 F.2d 208, 212 (6th Cir.), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 339 (1985), the court stated that bifurcation "is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." There, the court upheld bifurcation of the liability and the damages issues in a tort action that involved allegations of extensive in utero neurological damage to the plaintiff from a surgical anesthetic manufactured by the defendant.

In this case, it is reasonably clear that a trial on the question of liability would present entirely different evidence from that of a trial to determine the amount of damages. Indeed, the plaintiff does not argue that the questions of liability and of damages are so closely related as to require a single trial; rather, the plaintiff argues that the three incidents underlying

these actions are "[*m*]*edically* ... insepa-rable." Memorandum of Plaintiff at page 3 (emphasis added). Here, the liability phases of the trial would require evidence concerning such matters as the training of police officers by LIRR and the causes of the two automobile accidents; by contrast the damages inquiry would require evidence about the nature and extent of the plaintiff's alleged injuries. The types of evidence to be offered are entirely distinct.

As to possible prejudice, it is clear that evidence about plaintiff's alleged injuries may well serve only to confuse the jury as to the separate questions of liability and of damages. As the court said in *Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267, 1272 (S.D.N.Y.1990): "[E]vidence of harm to a plaintiff, regardless of the cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." Although *Buscemi* involved a claim of age discrimination, the proposition that evidence on the question of damages may well have a prejudicial effect on the jury is almost certainly true of any litigation; it is all the more so applicable to a personal injury action such as the present case. Thus, the prejudice rationale of *Buscemi* is instructive for this motion.

Finally, despite the suggestion of the plaintiff that a motion to bifurcate several days before trial is prejudicial in itself, the Sixth Circuit in *Helminski, supra,* indicated that the "late bifurcation of a trial does not constitute reversible error in the absence of a showing of prejudice." 766 F.2d at 212. In this regard, plaintiff alleges only "inconvenience" and "possibl[e] prejudice" because of the need to reschedule the appearance of witnesses. Such "inconvenience" does not rise to the same level as the prejudice that the defendant seeks to avoid through bifurcation of this trial.

The potential prejudice to the defendant makes bifurcation appropriate. As Judge Carter said in *Buscemi:*

> Weighing all the factors in this case, the court finds separate proceedings on the liability issue and the damages issue to be appropriate. This will result in little sacrifice to efficiency, convenience or judicial economy, and will serve the interests of justice. The same jury will be used to try both the liability phase and damages, and therefore there will be no need to have repetitive testimony. Furthermore, the only witness who will have to be called twice is the plaintiff. At the same time, separating liability from damages will be a sufficient measure in this case to deal with any possible prejudice or confusion. Accordingly, the issue of defendant's liability will be tried first. If the jury finds liability on the part of defendant, the parties will then present their case to the jury on the issue of plaintiff's damages.

736 F.Supp. at 1272. Bifurcation—particularly bifurcation with one jury—is a more prudent course; as such, the motion of the defendant should be granted.

SO ORDERED.