Mark R. ZOFCIN, individually, and as Administrator of the Goods, Chattels and Credits of Carol Ann Zofcin, deceased, and as Administrator of the Goods, Chattels and Credits of Alexis Zofcin, deceased, and as Administrator of the Goods, Chattels and Credits of Mark A. Zofcin, deceased, and Peruvian Imports, Inc., Plaintiffs,

v.

Joseph DEAN, U–Haul Center of Kingston, Pennsylvania, U–Haul Co. of Central Pennsylvania, Amerco Leasing Co., formerly known as U–Haul Co., and Chrysler Corporation, Defendants.

No. 89 Civ. 3665 (RPP).

United States District Court,
S.D. New York.

Oct. 27, 1992.

Gair, Gair, Conason, Steigman & Mackauf, New York City by Robert Conason, Jeffrey Bloom, for plaintiffs.

O'Connor, O'Connor, Hintz & Deveney, Garden City, N.Y. by Christine M. Capitolo, for plaintiffs on the counterclaim.

Lester, Schwab, Katz & Dwyer, New York City by Harold Lee Schwab, Lawrence Green, for defendant Chrysler Corp.

Clark, Gagliardi & Miller, White Plains, N.Y. by Robert J. Frisenda, Daniel Curran, for defendant U–Haul.

Stanley R. Waxman, Mineola, N.Y. by James M. Hayes, for defendant Dean.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Mark R. Zofcin, individually and in his capacity as administrator of the estates of his wife and two children, brought this action against Defendants Joseph Dean, Chrysler Corporation ("Chrysler"), and U–Haul Center of Kingston, Pennsylvania, U–Haul Company of Central Pennsylvania, and Amerco Leasing Company (collectively, "U–Haul") seeking damages for personal injuries and wrongful death arising out of a two-vehicle automobile accident. Pursuant to Fed.R.Civ.P. 42(b), Defendant Chrysler now moves this Court for separate trials on the issues of liability and damages. For the reasons set forth below, Chrysler's motion for a bifurcated trial is granted with certain limitations.

## BACKGROUND

On July 23, 1988, at approximately 5:40 a.m., in the eastbound passing lane of the Long Island Expressway, a 1979 Ford Thunderbird driven by Joseph Dean and travelling west collided head-on with a 1986 Dodge B250 "RAM" van driven by Plaintiff Mark R. Zofcin. The van carried six passengers: Mark Zofcin; his wife, Carol Ann; his two children, Alexis and Mark Anthony; Paul Modrak; and Kimberly Vivian. At the time of the collision, Mr. Zofcin's wife and children and Ms. Vivian were sitting or lying on rugs, which Mr. Zofcin sold as a business, in the rear of the van. The van was towing a double-axle trailer rented from U–Haul. The collision allegedly caused the tow bar of the U–Haul trailer to pierce the van's gas tank, igniting a fire which severely burned Mr. Zofcin and killed the other passengers in the van.

In May of 1989, Mark Zofcin, individually and as administrator of the estates of Carol Ann Zofcin, Alexis Zofcin, and Mark A. Zofcin, and Peruvian Imports, Inc., owned by Mr. Zofcin, brought this action against Defendants Dean, U–Haul, and Chrysler. Plaintiff Zofcin seeks damages for personal injuries and loss of consortium and services

of his wife and children, respectively. He also brings wrongful death actions on behalf of his wife and children, as well as claims for emotional distress caused to each family member by witnessing the injury and death of the others. Against Chrysler, the causes of action sound in negligence, breach of warranty, and strict liability in tort.

On May 27, 1992, Chrysler moved this Court to grant separate trials on the issues of liability and damages. The Court denied this motion without prejudice to renew. Chrysler now renews its prior motion for bifurcation upon the papers previously submitted plus supplemental papers.

## DISCUSSION

■ The parties do not dispute the legal standard governing bifurcation. Fed. R.Civ.P. 42(b) provides that the court may order a separate trial of separate issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision to bifurcate a trial into liability and damages phases is "firmly within the discretion of the trial court." *Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.) (quoting *In re Master Key Antitrust Litigation,* 528 F.2d 5, 14 (2d Cir.1975)), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

■ Plaintiff in this case seeks damages for physical injuries, death, and pain and suffering on behalf of himself and his deceased wife and children. In support of such damages, he will offer detailed evidence of extreme pain and suffering, including burning flesh and screams of pain. Courts in this Circuit have recognized that "evidence of harm to a plaintiff, regardless of the cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." *Buscemi v. Pepsico, Inc.,* 736 F.Supp. 1267, 1272 (S.D.N.Y. 1990); *see, e.g., Lagudi v. Long Island R.R.,* 775 F.Supp. 73, 75 (E.D.N.Y.1991) (granting bifurcation of liability and damages issues in personal injury trial);

*Jochsberger v. Morandi,* 157 A.D.2d 706, 549 N.Y.S.2d 806, 807 (2d Dep't 1990) (reversing trial court's decision to grant a unified trial on issues of liability and damages in personal injury action). This Court finds that introduction of evidence offered only to prove damages poses a substantial risk of impairing the jury's objectivity on the liability issue in this case.

Plaintiff argues that the issues of liability and damages are so intertwined as to necessitate a joint trial. More specifically, Plaintiff asserts that a jury cannot determine or apportion liability among co-defendants without learning the total extent of injuries to the plaintiff and his decedents. Chrysler, however, will make the following stipulations for trial if the Court grants its motion for bifurcation: (1) that the burn injuries to the plaintiff and the plaintiff's decedents resulted from fire in the vehicle, and that the plaintiff's decedents died of those burn injuries; and (2) that evidence relating to the physical injuries of the plaintiff and his decedents and relating to events occurring within the vehicle prior to removal of the passengers is admissible during the liability phase of the trial to the extent that it is relevant to determining liability or apportioning liability among the parties. *See* Chrysler's Supplemental Memorandum of Law, dated October 9, 1992, at 3; Chrysler's Memorandum of Law in Support of its Motion for Separate Trials, submitted on February 21, 1992, at 32–33. These stipulations are calculated to avoid prejudice to the plaintiff's liability case that may otherwise result from an order of bifurcation. *Cf. Grossman v. General Motors Corp.,* 1992 WL 51523 (S.D.N.Y.1992) (granting motion for bifurcated trial while recognizing that "a limited amount of medical evidence may be needed on the question of liability"); *Martell v. Chrysler Corp.,* 588 N.Y.S.2d 682 (N.Y.App.Div., 4th Dep't 1992) (upholding decision to bifurcate trial of issues of liability and damages where plaintiff "was afforded considerable latitude to develop the nature and extent of his injuries as they related to the liability aspect of his cause").

Accordingly, Defendant Chrysler's motion for separate trials on the issues of

liability and damages is granted with the following limitations:

1. it is stipulated by the parties that the burn injuries sustained by Plaintiff and Plaintiff's decedents resulted from fire in the Dodge van, and that Plaintiff's wife and two children died of those burn injuries;

2. evidence relating to the physical injuries of Plaintiff and his decedents and evidence relating to events occurring within the Dodge van prior to the removal of all passengers may be admitted during the liability phase of the trial to the extent that such evidence is relevant to a determination of liability or apportionment of liability among the parties;

3. further evidence of damages sustained by the plaintiff and his decedents may be admitted during the liability phase of the trial if the defendants' line of proof either. renders such evidence relevant to the determination or apportionment of liability or necessitates the introduction of such evidence for purposes of rebuttal of evidence offered by the plaintiff; and

4. issues of liability will be tried first, and trial of damages issues will follow immediately thereafter. The same jury will try the issues of both liability and damages.

## CONCLUSION

For the reasons set forth above, Chrysler's motion for a bifurcated trial on the issues of liability and damages is granted with limitations.

IT IS SO ORDERED.