**Harold F. EVANS, JR., Plaintiff,**

v.

**STATE OF CONNECTICUT, et al., Defendants.**

**Civil No. 5–90–CV00027 (JAC).**

United States District Court, D. Connecticut.

Aug. 13, 1996.

---

101. Robert H. Jackson, *The Federal Prosecutor,* 24 Journal of the American Judicature Society 18, 19 (June 1940).

Laviano Law Offices, P.C. by William M. Laviano, Ridgefield, CT, for Plaintiff.

Richard Blumenthal, Attorney General of the State of Connecticut by Margaret Quilter Chapple, Assistant Attorney General, for Defendant.

### MEMORANDUM OPINION

MOTLEY, Senior District Judge.

### INTRODUCTION

By Order and Opinion dated July 11, 1996, this court found for plaintiff in this employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII). *See Evans v. Connecticut,* 935 F.Supp. 145 (D.Conn.1996). Plaintiff has now moved for discovery on his claims for back pay, for a hearing for an assessment of such damages and for a hearing to consider his right to reinstatement with his former employer, the Connecticut State Police. For the reasons set forth herein, the motion is granted.

### FACTS

The underlying facts of this case are set forth in this court's prior decision and familiarity therewith is assumed. The bench trial in this matter was left open for a period during which Special Master Professor Emeritus Burke Marshall of the Yale Law School analyzed information provided by defendants concerning personnel records and other material related to plaintiff and other members of his class from the Police Academy. At a hearing regarding the Special Master's findings, the court indicated that introduction and consideration of plaintiff's damages and reinstatement, if any, would await a finding on liability. (R. 12/14/95 at 50–51.) In its Findings of Facts and Conclusions of Law concerning liability, the court also indicated that plaintiff's request pursuant to Fed.R.Civ.Proc. 37 for judgment and attorney's fees for defendants' failure to produce relevant records throughout this case would be taken up at the damages phase of the case. *See Evans v. Connecticut, supra,* 935 F.Supp. at 159 n. 23.[1]

By motion filed subsequent to the court's determination in plaintiff's favor concerning liability, plaintiff now seeks to obtain information from defendant regarding the pay that has been received by police officers from plaintiff's Police Academy class who have remained on the force. In addition, plaintiff asks for a hearing to assess back pay and for the court to consider the propriety of reinstatement in this case.

Defendant has opposed the motion, arguing that plaintiff should be barred from seeking damages of back pay and reinstatement because he failed to proffer any evidence during the trial regarding these issues. Moreover, defendants assert, plaintiff never sought, nor did the court order, bifurcation of the liability and damages phases of the trial. Defendants' argument related to the prejudice they suffer is that "reopening this record and allowing discovery and further trial dates will prejudice the defendants, who were not apprised in a timely fashion of the possibility of further proceedings or the existence of an expert witness [on damages]." (Defs.Mem. in Opp. at 5.) Defendants also argue that "[t]o supplement the court record after entry of judgment and engage in further discovery and trial is costly, contrary to principles of convenience and judicial economy, and prejudicial to the defendants." (*Id.* at 6.) The following discussion addresses these arguments.

---

1. As a prevailing party under Title VII, plaintiff may also seek attorney's fees. 42 U.S.C. § 2000e–5(k).

## ANALYSIS

■ Prior to the 1991 amendments to Title VII[2] which allowed for trial by jury as well as compensatory and punitive damages, a plaintiff could recover statutory damages related to back pay as well as reinstatement by court order. The instant case has been tried by the court. Near the close of evidence on the liability phase of the trial, the court noted that an assessment of damages, as well as a consideration of reinstatement, would await a finding of liability. (R. 12/14/95 at 50–51.) Defendants object to this ruling.

Fed.R.Civ.Proc. 42(b) provides in relevant part that:

> Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial ... of any separate issue or of any number of ... issues....

■ The decision to bifurcate a trial into liability and damage phases rests within the discretion of the trial court. *Getty Petroleum Corp. v. Island Transportation Corp.*, 862 F.2d 10, 15 (2d Cir.1988), *cert. denied sub nom.*, *Getty Petroleum Corp. v. Salem Heat and Petroleum Corp.*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989); *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *In re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir.1975); *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 28–29 (N.D.N.Y.1993); *Zofcin v. Dean*, 144 F.R.D. 203, 205 (S.D.N.Y.1992). Such discretion may be exercised on the court's own motion. *Dudzinski v. RTC Transportation, Inc.*, 117 F.R.D. 509, 511 (E.D.N.Y.1987); *Moss v. Associated Transport, Inc.*, 33 F.R.D. 335, 338 (E.D.Tenn.1963), *aff'd*, 344 F.2d 23 (6th Cir.1965); *Huffmaster v. United States*, 186 F.Supp. 120, 124 (N.D.Cal.1960).

It is clearly convenient to await consideration of relief where a finding of liability is a *sine qua non* for such damages or other award. In opposition to the request for the matter to proceed to consideration of the statutory back pay and reinstatement, i.e., the damages phase, defendants argue that plaintiff never sought, and the court never issued, an order bifurcating the liability and damages phases. These arguments are not only incorrect, they are also academic.

■ The court expressly ruled, at the request of plaintiff's counsel, that the issues of back pay and reinstatement would be considered after a finding of liability. (R. 12/14/95 at 50–51.) Although plaintiff did not make a formal motion to this effect, this determination could have been made by the court *sua sponte*. *See Dudzinski, supra*. Moreover, defendants have failed to substantiate in any way that they will be prejudiced by the court's determination to consider damages separate from liability other than to make cursory statements about delay, the timeliness of the request[3] and that further proceedings would be "costly." (Defs.' Mem. in Opp. at 5–6.) These conclusory allegations of prejudice are wholly inadequate to warrant rejection of bifurcation. *See, e.g., Helminski v. Ayerst Lab., a Div. of A.H.P.C.*, 766 F.2d 208, 212 (6th Cir.), *cert. denied*, 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 339 (1985) (holding, where trial was bifurcated near the close of one party's case, "late bifurcation ... does not constitute reversible error in the absence of a showing of prejudice"); *Lagudi v. Long Island R.R. Co.*, 775 F.Supp. 73, 75 (E.D.N.Y.1991) (rejecting cursory allegations of prejudice in opposition to motion for bifurcation).

■ Accordingly, the following factors weigh decidedly in favor of granting plaintiff's request to continue to the damages phase of the case and to permit him to conduct discovery on the issue of back pay: (1) the finding of liability was a predicate to a

---

**2.** The events which formed the basis of this action all occurred prior to the 1991 amendments to Title VII which are not applied retroactively. *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

**3.** Even assuming defendants were correct in their assertion that they were "not apprised in a

timely fashion of the possibility of further proceedings," (Defs.' Mem. in Opp. at 5), the court's Order related to the instant motion provides ample time for defendants to prepare for consideration of the damages phase of this case.

 

determination of damages, including back pay and reinstatement, such that proceedings concerning damages could have been superfluous absent a finding for plaintiff on liability; (2) that such damages are purely statutory and subject to ready calculation; (3) all of the evidence (on both liability and damages) is presented to the court and not a jury in this case; (4) any further testimony concerning the award will be brief and limited to the plaintiff's calculation of back pay and reinstatement and any objections defendants may have thereto; (5) defendants had notice of the damages claims since the beginning of the case as evidenced by the Complaint (in several amended forms) and the parties' Joint Trial Memorandum in this case; and (6) that defendants proffered nothing more than conclusory allegations in a legal memorandum concerning prejudice.

### CONCLUSION

Accordingly, as set forth in the accompanying Order, plaintiff's request to conduct limited discovery on the issue of back pay and for a hearing concerning such back pay and reinstatement is granted.

### *ORDER*

For the reasons set forth in the accompanying Memorandum Opinion filed simultaneously herewith, it is hereby ORDERED that by August 30, 1996, defendants must produce to counsel for plaintiff for review by plaintiff's expert on back pay and benefits the following documentation: a) the gross earnings records of troopers that have graduated from plaintiff's Police Academy class from 1986 through present; b) all benefits paid or awarded to the troopers from plaintiff's Police Academy class during this same time period; c) the collective bargaining agreements and any other benefits documents related to these same troopers related to the same time period; and d) overtime pay for these troopers for this time period.

It is further ORDERED that a hearing on plaintiff's request for back pay, attorney's fees and reinstatement shall be held on October 10, 1996 at 10:00 a.m. at the United States Court House in New Haven, Court Room 1.

SO ORDERED.